858

In the Matter of Jeffrey M., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, June 20, 1978

## APPEARANCES OF COUNSEL

*Barbara H. Dildine* of counsel *(William E. Hellerstein* and *Charles Schinitsky,* attorneys), for appellant.

## OPINION OF THE COURT

LUPIANO, J.

This is an appeal from an intermediate order of the Family Court, New York County, entered July 18, 1977, during the course of a dispositional hearing in a proceeding initiated by a petition to determine delinquency. The intermediate order directed that the proceeding be "adjourned in contemplation of dismissal" for a period of one year. As this appeal may not be taken of right, but only by permission, the notice of appeal is deemed an application for leave to appeal. In view of the dimension of the procedural and substantive issues presented, we grant leave to appeal.

On March 27, 1977, a petition to determine delinquency was filed in the Family Court, Sullivan County, by Patrolman Green of the Fallsburg Police Department alleging that appellant was a juvenile delinquent in that he, accompanied by three other youths, was in possession and had control of a 1972 Cadillac stolen from Liberty, New York. All the juveniles were represented by a single Law Guardian. At the fact-finding hearing, the Law Guardian stated that the youths, who apparently are domiciled in New York City, found themselves stranded, on a cold winter night, without funds and shelter and went to the police department for succor. The police

delivered them to Route 17 so that they could hitchhike. This course of action proving unsuccessful, appellant, inappropriately dressed to withstand the cold, accompanied his companions in appropriating a motor vehicle as a means of getting home.

On this record it appears that the fact-finding hearing was held the day after the petition was filed. No member of appellant's family or family member of any of the other juveniles was present. Appellant was not informed of his right to have a member of his family present, and the record is silent as to the nature and degree of the effort expended to obtain parental assistance. Although informed by the Law Guardian at the fact-finding hearing that the mother of one of the youths (not appellant) was having someone travel from New York City to Sullivan County, the Family Court merely informed the juveniles that they could remain silent and the matter would be set down for a hearing at which witnesses would appear, or that the matter could proceed immediately. The boys responded that the matter should proceed. Each juvenile admitted that he in company with the others had taken the car without permission. The court did not fully explain to the appellant the meaning of a juvenile delinquent adjudication and did not inform as to the full consequences of such a disposition. Adjudicating appellant a juvenile delinquent, the Family Court in Sullivan County transferred the matter to New York County for a dispositional hearing. At the conclusion of the dispositional hearing, the Family Court, New York County, on July 18, 1977 adjourned the proceeding in contemplation of dismissal to July 17, 1978 on condition that appellant participates in a counseling program, attends school regularly and stays out of automobiles, unless in the company of an adult relative.

■ The transfer of the proceeding at the conclusion of that fact-finding hearing by the Family Court, Sullivan County, to the Family Court, New York County, was accomplished under the venue provisions of section 717 of the Family Court Act. The "good cause" for such transfer required by the statute was presumably the transfer to the appellant's and other juveniles' home county to facilitate the treatment and rehabilitation process within the context of the home and its community.

Subdivision (a) of section 741 of the Family Court Act provides in pertinent part: "At the initial appearance of a

respondent in a proceeding and at the commencement of any hearing * * * the respondent *and his parent* * * * shall be advised of the respondent's right to remain silent and of his right to be represented by counsel chosen by him or *his parent* * * * or by a law guardian assigned by the court * * * Provided, however, that in the event of the failure of the *respondent's parent* * * * to appear, *after reasonable and substantial* effort has been made to notify such parent * * * of the commencement of the proceeding and such initial appearance, the court shall appoint a law guardian and *shall, unless inappropriate also appoint a guardian ad litem* for such respondent, and in such event, shall inform the respondent of such rights in the presence of such law guardian *and* any guardian *ad litem"* (emphasis supplied). As already alluded to, the transcript of the fact-finding hearing fails to demonstrate what effort was made to notify appellant's parents or the parents of the other juveniles. At most, there may be gleaned an indication that some effort had been engaged in, but it appears that such effort was not substantial, even assuming its reasonableness. Common sense rebels at the haste with which the fact-finding hearing was held and concluded one day after the alleged incident occurred in a town many miles from appellant's home. Such haste is, if anything, inimical to affording the juveniles' parents an opportunity to attend the fact-finding hearing and thus requires some reasoned justification.

██ Reason also dictates that the juveniles may well have had different participatory roles in the alleged incident. This aspect was not examined into by the court. Accordingly, the appointment of one Law Guardian to represent all the youths, coupled with the cavalier treatment accorded their right to have counsel of their own choice, renders the propriety of the fact-finding hearing suspect. The right to assistance of counsel may be substantially impaired if one lawyer simultaneously represents the conflicting interests of a number of persons charged with a criminal act. While joint representation is not per se a denial of the effective assistance of counsel, the court should recognize that a juvenile may not perceive the existence of a conflict of interest in the joint representation. Consequently, the court should be satisfied where there is joint representation, that the juvenile's decision is an informed decision. This requires a discerning, upon the record, of whether each juvenile has an awareness of the risks in-

volved in such joint representation and has knowingly chosen it. At the minimum, there should have been some inquiry of the juveniles and the Law Guardian as to whether joint representation would result in a conflict of interest (see *People v Gomberg*, 38 NY2d 307). This was not done. Admittedly, the proper exercise of choice depends upon informed consent. Information necessary to reasoned choice was lacking. This factor, coupled with the failure to advise of the consequences of an admission to any of the facts, would ordinarily mandate a new fact-finding hearing on the delinquency petition (see *Matter of James K.*, 47 AD2d 946).

Appellant, who is 15½ years old, has an otherwise "clean record." At the dispositional hearing in New York County, the Law Guardian representing appellant only reiterated the travails of appellant (as did his predecessor at the fact-finding hearing) as follows: "[P]rior to the time these boys were arrested, they had contact with the local police. They were at the police precinct. The police took them to a road and told them to try to hitch back to New York City * * * Jeffrey, was very lightly clothed * * * When they were not successful in doing that, these boys returned to the police station to seek the assistnce of the * * * police who, then, brought them to another highway that was supposedly to have been a more active highway, and they would have better luck in hitchhiking a ride back to New York City. They were unsuccessful * * * [O]ne of the other boys present did take the car * * * Jeffrey was not driving this car." In pleading for dismissal or, in the alternative, for an adjournment in contemplation of dismissal for six months on condition that Jeffrey and his mother obtain family counseling, the Law Guardian declared that if the court felt that six months was not enough time for such counseling to be effective, he would consent on behalf of Jeffrey and his mother to an adjournment in contemplation of dismissal for nine months or a year. As already noted, the Family Court at the end of the disposition hearing adjourned the proceeding in contemplation of dismissal for a period of one year.

■ Subdivision (a) of section 749 of the Family Court Act provides in pertinent part: "Upon or *after a fact-finding hearing,* the court may, upon its own motion or upon a motion of a party to the proceeding, order that the proceeding be 'adjourned in contemplation of dismissal.' An adjournment in contemplation of dismissal is an adjournment of the proceed-

ing, *for a period not to exceed six months* with a view of ultimate *dismissal of the petitioner* in furtherance of justice * * * Upon application of the petitioner, or upon the court's own motion, made at any time during the duration of the order, the court may restore the matter to the calendar. *If the proceeding is not restored, the petition is at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice"* (emphasis supplied). When the petition alleges that the respondent has committed a designated felony act, the court may not order an adjournment in contemplation of dismissal (Family Ct Act, § 749, subd [d], par [i]). The term "designated felony act" is defined in subdivision (h) of section 712 of the Family Court Act and it is clear that Jeffrey is not alleged to have committed such an act. Thus, the Family Court, New York County, had authority to exercise its discretion in the interest of justice by invoking such adjournment, but only for the statutory maximum period of six months. In light of the nature of the fact-finding hearing afforded appellant and the apparent underlying circumstances of the crime, and viewing Jeffrey's otherwise unblemished record, it may not be said that the Family Court, New York County, unjustifiably sympathized and urged regular school attendance, participation in a family community program and nonuse of automobiles unless accompanied by an adult relative. On this record, deeming the adjournment in contemplation of dismissal to be for the statutory six-month period and it appearing that the proceeding has not been restored to the calendar during such period, the petition is by virtue of section 749 of the Family Court Act deemed dismissed in furtherance of justice.

Accordingly, the order of the Family Court, New York County (ESQUIROL, J.), entered July 18, 1977, after a fact-finding determination that appellant committed an act in violation of section 165.50 of the Penal Law (criminal possession of stolen property, first degree) and an adjudiciation of juvenile delinquency entered in Family Court, Sullivan County (HANOFEE, J.), on March 28, 1977, unanimously modified, on the law, without costs and disbursements, to the extent that the adjournment in contemplation of dismissal is reduced to a period of six months and the proceeding not having been restored to the calendar during the duration of such six-month period, the petition is deemed dismissed in furtherance of justice (Family Ct Act, § 749, subd [a]). The

matter is remanded to the Family Court, New York County, for the purpose of entering an order in favor of appellant pursuant to subdivision 2 of section 753-b of the Family Court Act.

SILVERMAN, LANE, SANDLER and SULLIVAN, JJ., concur.

Order, Family Court, New York County, entered on or about July 18, 1977, unanimously modified on the law to the extent that the adjournment in contemplation of dismissal is reduced to a period of six months and the proceeding not having been restored to the calendar during the duration of such six-month period, the petition is deemed dismissed in furtherance of justice (Family Ct Act, § 749, subd [a]), without costs and without disbursements. The matter is remanded to the Family Court, New York County, for the purpose of entering an order in favor of appellant pursuant to subdivision 2 of section 753-b of the Family Court Act.