■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PACHECO, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 29, 1978, upon a jury verdict convicting the defendant of assault in the first degree, attempted robbery in the first degree, and two counts of attempted robbery in the second degree, and sentencing him to concurrent terms of three years' imprisonment, reversed, on the law and, as a matter of discretion, in the interests of justice, and a new trial ordered. There was evidence adduced that the complaining witness, a police officer in civilian clothing was accosted by three men, one of whom was the defendant, who demanded his money. When he resisted he was struck in the head with a bottle and the defendant attempted to cut him in the face with a broken bottle. While the other two fled, he was able to detain this defendant by striking him several times with his gun. The next thing he remembers is awakening in the hospital. The sole witness for the defense states he observed the defendant being assaulted in the street by another person and he followed both of them to the police station. He heard the man in civilian clothing tell the desk officer that defendant had struck him over the head and thereafter observed two police officers join in beating the defendant who fell to the floor. There is no dispute that the defendant suffered serious

injuries. The defense counsel attempted to introduce testimony relative to the severity of the injuries sustained by the defendant as evidence of the complainant's bias. And further, counsel argued that the evidence was relevant to the issue of the credibility of the complaining witness. The defendant's offer of proof was to have medical evidence permitted in the record that would indicate that the injuries sustained by the defendant could not have been sustained as a result of the beating by one person and could only have been sustained by a repeated and prolonged beating. Although it is doubtful that this would be a proper subject for expert medical testimony, here the court's ruling was broader; the court said it would not permit any testimony as to the extent of the injuries sustained by the defendant although it would permit the defendant to indicate the fact that he was beaten in the police station. It is the defendant's contention that the proof which was excluded would show a motive to lie, or to cover up for the other officers. We have here a delicate problem in balancing probative value of testimony against its inflammatory effect upon the jury. We believe that evidence tending to confirm the fact of the beating, and indicating the extent of the injuries sustained was sufficiently relevant to warrant its being admitted and, it is significant that the trial court originally sentenced the defendant to concurrent indeterminate sentences up to five years' imprisonment, and thereafter, upon seeing photographs of the defendant after the beating, vacated the sentences, reducing the maximum to three years as the first sentences were imposed without: "enough consideration to the extraordinary beating that he [the defendant] got at the hands, allegedly, of the police, that landed him in a hospital * * * I never had these pictures before me until this morning as to what he looked like." On the entire record, bearing in mind that the defendant obviously received very serious injuries, and considering that he had no previous arrests, we believe a new trial is in order. On the new trial the court will have to exercise a sensitive discretion to prevent the undue or inflammatory exploitation of the evidence as to the nature and extent of defendant's injuries. Concur—Sandler, J. P., Bloom, Lane, Silverman and Ross, JJ.