■ ELLIN KRUMHOLZ, Respondent, v BURTON A. KRUMHOLZ, Appellant. — Appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered October 31, 1979, upon "a stipulation on the record settling the plaintiff's application", dismissed, without costs or disbursements. No appeal lies from an order entered by consent pursuant to a stipulation (see, e.g., *Matter of Benson v Connelly,* 63 Ad2d 733; *Matter of Araujo v Araujo,* 38 AD2d 537). Mollen, P.J., Damiani, Gulotta and Cohalan, JJ., concur.

■ HIPOLITO MEJIA, Appellant, v ELLA MEJIA, Respondent. — In a matrimonial action in which plaintiff had been granted a judgment of divorce, plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), entered July 21, 1980, which, after a hearing, *inter alia,* vacated the judgment of divorce and set the matter down for trial. Order affirmed, with costs. On the record, it is clear that defendant's consent to the settlement and her agreement to withdraw her defenses were equivocal and not based upon an informed understanding of the consequences. In view of the liberal policy regarding vacatur of default judgments in matrimonial actions *(Rizzo v Rizzo,* 50 AD2d 915) and the court's inherent power, not limited by statute, to relieve a party from a judgment or order entered upon default for sufficient reason and in the interest of justice, the relief granted was not an abuse of discretion (see *Government Employees Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123). Mollen, P.J., Damiani, Gulotta and Cohalan, JJ., concur.

■ MARVIN NEIMAN, Respondent, v EMANUEL CHOPP et al., Defendants, and HERBERT TUCHMAN, Appellant. — In an action, *inter alia,* to recover for managerial and consulting services rendered, defendant Tuchman appeals from so much of an order of the Supreme Court, Kings County (Aronin, J.), entered April 22, 1980, as denied his motion to dismiss the complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. There are issues of fact as to whether the agreement was "a special promise to answer for the debt * * * of another" (see General Obligations Law, § 5-701, subd a, par 2), and as to whether there was a novation. Damiani, J.P., Gibbons, Rabin and Margett, JJ., concur.