■ In the Matter of JOHN D., Appellant. — In a juvenile delinquency proceeding pursuant to the former provisions of article 7 of the Family Court Act, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), entered April 19, 1983, which adjudged appellant to be a juvenile delinquent and suspended judgment upon certain conditions.

Order reversed, on the law, without costs or disbursements, and petition dismissed.

On March 28, 1983, appellant appeared before the Family Court (Palmer, J.), for a fact-finding hearing on the juvenile delinquency petition pending against him. At that time, his Law Guardian informed the court that appellant's mother was not present, although he had seen her in the courthouse earlier that day. The court then instructed a court officer to call out appellant's mother's name. Receiving no response, the Law Guardian informed the court that appellant "waive[d] the presence of his parent" and that he intended to admit to a charge of theft of services. However, upon being advised by the court of the rights he was giving up by making an admission and of his right to have a hearing rather than to make an admission, appellant,

after consulting with his Law Guardian, requested that his mother be present. Counsel then requested an adjournment until April 8, 1983 since appellant was to appear in Family Court on that date in connection with another matter. The request was denied and the court proceeded with the hearing. After the hearing, the court found that appellant had committed an act which, if committed by an adult, would have constituted the crime of theft of services as defined in section 165.15 of the Penal Law. Appellant was adjudicated a juvenile delinquent and, on April 19, 1983, an order was entered suspending judgment until February 18, 1984, on condition that appellant cooperate with an order of disposition in another Family Court matter.

Subdivision (c) of section 741 of the Family Court Act, which was applicable to juvenile delinquency proceedings at the time of the hearing, provided that a juvenile delinquency hearing "shall not be prevented from proceeding by the absence of the respondent's parent * * * if *reasonable and substantial effort* has been made to notify such parent * * * of the hearing" (emphasis supplied). Moreover, the parent must be afforded "a reasonable opportunity" to appear in court (*Matter of Tracy B.*, 80 AD2d 792). In this case, although it appears from the record that appellant's mother was present in Family Court with appellant in connection with another matter on the day of the hearing, the court did not seek to elicit information from the parties as to the nature or degree of any effort made to notify her of the hearing on this matter (see *Matter of Myacutta A.*, 75 AD2d 774; *Matter of Jeffrey M.*, 62 AD2d 858, 862). Nor did the court make any inquiries as to why the mother left or whether and when she would return. No effort was made to contact her when the hearing was ready to proceed other than having the court officer call out her name. Inquiry into these matters should have been made and, if it appeared that such would have resulted in securing the mother's presence, at least a brief adjournment should have been granted. On the record before us, we cannot say that the mother had "a reasonable opportunity" to attend the hearing. Accordingly, the order appealed from is reversed. Because the period during which the judgment was suspended has expired, no purpose would be served by a remittal for a new hearing. Therefore, the petition is dismissed (see *Matter of Girard L.*, 92 AD2d 471; *Matter of Tracy B., supra*). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.