■ In the Matter of DELFIN A., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Suffolk County (Auperin, J.), entered November 5, 1984, which denied the appellant's motion to vacate an order of disposition of the same court, dated April 30, 1984, which, upon a fact-finding order dated March 30, 1984, made upon a plea of guilty, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted sodomy in the first degree, placed him on probation for two years.

On the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, said application is referred to Presiding Justice Mollen and leave to appeal is granted by Presiding Justice Mollen.

Order reversed, on the law, without costs or disbursements, motion granted, orders dated April 30, 1984, and March 30, 1984, and plea of guilty vacated, and matter remitted to the Family Court, Suffolk County, for a fact-finding hearing.

The record reveals that the Family Court improperly accepted the appellant's guilty plea without first informing him of his right to a fact-finding hearing, and without ascertaining that he was voluntarily waiving such right and that he was aware of the resulting possible dispositional order, all in violation of Family Court Act § 321.3 (1). Nor did the court properly notify the appellant of his constitutional rights to a hearing, to confront witnesses, and to remain silent or obtain a knowing and voluntary waiver of those rights (see, Matter of Steven W., 75 AD2d 756; Matter of John R., 71 AD2d 896; Matter of Theodore F., 47 AD2d 945). The court also failed, as required by Family Court Act § 341.2 (3) and case law, to make "reasonable and substantial effort[s]" to secure the presence of the appellant's mother in court during these proceedings or at least to inquire into the efforts made to obtain her presence or notify her of the proceedings against her son (see, Matter of John D., 104 AD2d 885). These omissions clearly required the vacatur of the order adjudicating the appellant to be a juvenile delinquent.

In addition to the aforementioned deficiencies, the record indicates that the appellant was deprived of the effective assistance of counsel during the juvenile delinquency proceedings due to his counsel's two conflicts of interest. In the first instance, the appellant's counsel had also been retained by the residential facility, where the appellant had been voluntarily placed in foster care and where the alleged incident of sexual abuse occurred, to represent the facility in the proceedings against the appellant. The victim of the sexual abuse was also a resident of the facility and it was expected that employees of the facility would be testifying at the fact-finding hearing. Additionally, it is significant that the facility had expressed its disinclination to retain the appellant as a resident in view of his alleged participation in the incident. A second source of counsel's conflict of interest arises from the fact that he also represented the appellant's two alleged accomplices whose statements concerning the incident of sexual abuse differed from that of the appellant. Although counsel did inform the court of his conflicts of interest at the arraignment of the three alleged juvenile delinquents, no action was taken by the court to assign other counsel. Moreover, it does not appear that counsel discussed his conflicts with the appellant or his

parents, nor did the court inquire on the record as to whether each alleged juvenile delinquent was aware of counsel's conflict and the risks involved in joint representation *(see, e.g., People v Macerola,* 47 NY2d 257; *Matter of Jeffrey M.,* 62 AD2d 858).

Under these circumstances, the court should have exercised its inherent power to relieve a party from a judgment "for sufficient reason, in furtherance of justice" *(Ladd v Stevenson,* 112 NY 325, 332; *see, Nicholas v Consolidated Edison Co.,* 100 AD2d 957). The court erred in holding that it could not vacate the order of disposition due to the appellant's failure to allege any grounds for vacatur as set forth in CPLR 5015 and Family Court Act § 355.1. These statutes merely codify some of the principal grounds upon which the courts can exercise their inherent power to vacate, but do not set forth an exhaustive list or in any way limit this power *(see, Mejia v Mejia,* 82 AD2d 875; *McMahon v City of New York,* 105 AD2d 101). As a result, the dispositional and fact-finding orders herein must be vacated and a fact-finding hearing ordered at which the appellant should be represented by independent counsel. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.