■ In the Matter of EDWARD F., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schechter, J.), dated March 16, 1988, which, upon a fact-finding order of the same court, dated January 21, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent and placed him on probation until November 1, 1988. The appeal brings up for review the fact-finding order dated March 16, 1988.

Ordered that the order is reversed, on the law and in the interest of justice, without costs or disbursements, and the proceeding is dismissed.

The petition charged that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, pursuant to Penal Law § 120.05 (3), that is, that with intent to prevent a police officer from performing a lawful duty, the appellant caused physical injury to the officer. The testimony of the police officer witnesses was that the appellant struck Officer Edwards in the eye when Officer Edwards was attempting to break up a fight between the appellant and another. The appellant presented witnesses who denied that the appellant ever had any contact with Officer Edwards. It was the appellant's position, presented in an offer of proof to the court, that the police officers beat him with their nightsticks when the

appellant attempted to reach the other combatant, who was being held by the police, and that the officers subsequently fabricated the story that the appellant struck Officer Edwards in an attempt to cover up their own misconduct. The hearing court, however, ruled that testimony concerning the alleged beating, photographs depicting the appellant's injuries, and dental records were inadmissible on the ground that the alleged beating was irrelevant because it occurred after the appellant allegedly struck Officer Edwards.

The appellant should have been permitted to present evidence of his injuries on the alleged beating. Evidence tending to show a witness's bias, hostility or motive to lie is not collateral, but is directly probative of credibility (see, People v Ellis, 126 AD2d 663, 664; People v Pacheco, 72 AD2d 727, 728; People v Thomas, 46 NY2d 100), the sole issue in this case. Under the circumstances here, where the appellant's term of probation has been completed, no purpose would be served by a new hearing and the petition should, therefore, be dismissed (see, Matter of John D., 104 AD2d 885, 886; Matter of Tracey B., 80 AD2d 792). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.