■ In the Matter of EUGENE S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Palmer, J.), dated September 24, 1991, which, upon a fact-finding order of the same court, dated August 26, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, and committed an act constituting unlawful possession of weapons by a person under 16, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth, Title III, for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated August 26, 1991.

Ordered that the matter is remitted to the Family Court, Kings County, to hear and report on the appellant's motion to set aside the fact-finding order on the ground of newly-discovered evidence, and the appeal is held in abeyance in the interim. The Family Court shall file its report with all convenient speed.

In the early morning hours of May 30, 1991, two police officers observed the appellant remove a handgun from his waistband and throw it over their patrol car. With the appellant was another youth, known only as "Michael", who was also taken into custody but later released. At the fact-finding hearing, the appellant maintained that the police officers had coerced him to admit that he had possessed the gun. Another witness called by the appellant testified that "Michael" con-

fessed that *he,* and not the appellant, had had the gun on the night in question.

After the fact-finding hearing, the Family Court determined that the presentment agency had proven, beyond a reasonable doubt, that the appellant had committed the crimes charged. Thereafter, the appellant's counsel moved to vacate the fact-finding order and reopen the fact-finding hearing on the ground of newly-discovered evidence. The motion was denied without a hearing.

The appellant contends that the Family Court committed error when it failed to conduct an evidentiary hearing to assess the probative value of the alleged newly-discovered evidence. We agree. The record does not support the Family Court's finding that the appellant's counsel failed to exercise due diligence in procuring the alleged eyewitnesses to the crimes or discovering the true identity and whereabouts of "Michael" prior to the fact-finding hearing. A hearing is mandated when, as here, the alleged newly-discovered evidence presents a "material question of fact" (Family Ct Act § 355.2 [3]) and poses the probability that the court's prior determination of guilt would be altered in the appellant's favor *(see,* Family Ct Act §§ 355.1, 303.1 [2]; CPL 330.30 [2]; *People v Latella,* 112 AD2d 321, 322).

We reach no other issue at this time. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.