■ In the Matter of EUGENE S., a Person Alleged to be a

Juvenile Delinquent, Appellant. [606 NYS2d 298] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Palmer, J.), dated September 24, 1991, which, upon a fact-finding order of the same court, dated August 26, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, and had committed an act constituting unlawful possession of weapons by a person under 16 years old, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated August 26, 1991. By decision and order of this Court dated July 27, 1992, the matter was remitted to the Family Court, Kings County, to hear and report on the appellant's motion to set aside the fact-finding order on the ground of newly-discovered evidence, and the appeal was held abeyance in the interim *(see, Matter of Eugene S.,* 185 AD2d 351). The Family Court, Kings County, has now complied.

Ordered that the order is affirmed, without costs or disbursements.

At the hearing on the appellant's motion to set aside the fact-finding order, the appellant's counsel conceded that he was then unable to locate the witness "Michael" and that he had no witness to provide newly-discovered evidence. Since the appellant cannot establish "a substantial change of circumstances" (Family Ct Act § 355.1 [1]) based upon "newly discovered evidence" *(see, e.g.,* CPL 440.10 [1] [g]; 440.30 [6]), the Family Court properly denied his motion to set aside the fact-finding order.

The appellant's argument that the Family Court erred in granting the presentment agency's request for an adjournment of the first day of the fact-finding hearing without adequately stating its reasons for granting the request *(see,* Family Ct Act § 340.1 [4]) has not been preserved for appellate review since he did not object to the adjournment on that ground *(see, Matter of Ralph D.,* 163 AD2d 752; Family Ct Act § 1118; CPLR 5501 [a]).

In view of the appellant's prior arrest record (four of which involved some level of violence and/or involvement with guns)

and the court psychologist's evaluation that the appellant presented a risk to the community, it cannot be said that the disposition was an improvident exercise of discretion. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.