■ In the Matter of LISA D. and Others, Infants. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIMOTHY S., Appellant. (Appeal No. 2.) [764 NYS2d 892] —Appeal from an order of Family Court, Oswego County (Roman, J.), entered April 1, 2002, which dismissed without prejudice respondent's motion to vacate the order entered February 20, 2002.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Matter of Lisa D.* (309 AD2d 1146 [2003]). Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.

■ In the Matter of BARRY H., Appellant. ERIE COUNTY ATTORNEY, Respondent. [764 NYS2d 893] —Appeal from an order of Family Court, Erie County (Dillon, J.), entered January 24, 2003, adjudicating respondent a juvenile delinquent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order finding that he committed an act that, if committed by an adult, would constitute the crime of assault in the second degree (Penal Law § 120.05 [2]) and placing him on probation for 12 months. Family Court properly denied respondent's motion to vacate the fact-finding order or for a new fact-finding hearing (*see* Family Ct Act § 355.1 [1] [a], [b]) on the ground that a witness who had exercised his Fifth Amendment privilege against self-incrimination at respondent's fact-finding hearing had subsequently become available to testify by virtue of his admission to a charge arising out of the same incident. The availability of that witness does not constitute a "substantial change of circumstances" warranting a new fact-finding hearing or vacatur of the fact-finding order (§ 355.1 [1]; *see People v Huggins*, 144 Misc 2d 49, 53-55 [1989], *revd on other grounds* 164 AD2d 784 [1990]; *cf. Matter of Eugene S.*, 185 AD2d 351, 352 [1992]). Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.