Matter of Gary B. (2006 NY Slip Op 50852(U))

[*1]

Matter of Gary B.

2006 NY Slip Op 50852(U) [12 Misc 3d 1151(A)]

Decided on May 12, 2006

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 12, 2006

Family Court, Queens County
In the Matter of Gary B., A Person Alleged to be a Juvenile Delinquent, Respondent.
D-13247/05

Michael Cardozo, Corporation Counsel, New York
City (Jennifer L. Rubin of counsel), for Presentment Agency. Tamara A. Steckler, Legal Aid
Society, New York City (Wendell Cruz, Lindsay Ernst, of counsel), Law Guardian.

John M. Hunt, J.
In this juvenile delinquency proceeding, respondent, Gary B., has moved to reopen
the dispositional hearing and for an order vacating a previously imposed term of probation
supervision and the entry of an order adjourning the proceeding in contemplation of dismissal.
By petition filed on August 17, 2005 the respondent was alleged to be a juvenile
delinquent by reason of his possession of a proscribed weapon in violation of Penal Law
§265.05.[FN1] A supporting deposition by Clemente Lopes, the principal of Intermediate School
10 in Queens County stated, in pertinent portion, that on May 10, 2005 "I did recover from
respondent's hand what I now know to be a Battle Hawk' knife and did give said knife to
School Safety Agent Sherry Dooley." A supporting deposition by School Safety Agent Dooley
states that she "received what I now know to be a Battle Hawk' knife, which is a knife that has
[*2]
a four inch handle in the middle and three inch blades on either end from Principal Clemente
Lopes."
Respondent's initial appearance upon the petition occurred on August 17, 2005. On that
date, a Law Guardian was appointed to represent him and he was thereafter released to the
custody of his mother pending further proceedings before the Court (Fam. Ct. Act §§320.1,
320.2, 320.4, 320.5). A fact-finding hearing was conducted before the Court commencing on
September 29, 2005 and at the conclusion of the hearing on November 10, 2005 the Court
entered a finding that respondent had violated Penal Law §265.05 based upon his possession of
a dangerous knife as charged in the petition (Fam. Ct. Act §345.1). The case was scheduled for a
dispositional hearing on December 4, 2005 and the Department of Probation was directed to
investigate respondent's circumstances and prepare a written report for that hearing (Fam. Ct.
Act §352.1 [2]).[FN2]
The dispositional hearing was conducted on December 14, 2005. At the conclusion of the
hearing respondent moved for an order adjourning the proceedings in contemplation of dismissal
pursuant to Family Court Act §315.3,[FN3] and that application was denied because the evidence
[*3]
established that he had a history of truancy and suspensions from school, that he required
individual therapy and that there were questions relating to the ability of his mother to properly
supervise him. Based upon the evidence adduced at the hearing, respondent was adjudicated to
be a juvenile delinquent based upon the Court's determination that he was a person requiring
supervision and treatment (Fam. Ct. Act §352.1 [1]), and the Court entered an order placing
respondent under the supervision of the New York City Department of Probation for a period
of twelve months (Fam. Ct. Act §§352.2 [1] [b], 353.2). In connection with the order placing
respondent on probation, the Court imposed specific conditions which included that he commit
no further delinquent acts or crimes, that he obey the lawful commands of his parent, that he
attend school regularly without unexcused absences, "cuts" or school suspensions, that he
cooperate with all referrals for services made by the Probation Department which were to
include counseling, and that he complete 25 hours of community service (Fam. Ct. Act
§§353.2 [2], 353.6 [1] [b]).
In support of his motion to vacate the order of disposition placing him under probation
supervision, and for orders granting a new dispositional hearing and adjourning the proceeding
in contemplation of dismissal, which by necessity also constitutes an application for vacatur of
the order adjudicating him to be a juvenile delinquent, respondent alleges that he has complied
with all of the conditions of probation imposed by this Court in that he has attended school
regularly, obeyed the commands of his mother and participating in individual therapy. In
addition, respondent states that he has completed the community service imposed by the Court
and he has cooperated with his Probation Officer since being placed on probation. The Present-
[*4]
ment Agency has submitted papers in opposition to the motion.
 II
A respondent may seek post-dispositional relief in a juvenile delinquency proceeding by
filing a motion pursuant to Family Court Act §355.1. That section provides, insofar as relevant,
that:
 1. Upon a showing of a substantial change of circumstances, the court may on its
own motion or on motion of the respondent or his parent or person responsible for
his care:
 (a) grant a new fact-finding or dispositional hearing; or
 (b) stay execution of, set aside, modify, terminate or vacate any order issued in
the course of a proceeding under this article.
Family Court Act §355.1 is a codification of the Court's inherent authority to modify or
vacate its prior orders (Matter of Delfin A., 123 AD2d 318, 320), and the statute "reflect[s] the
court's continuing jurisdiction and interest in a juvenile delinquency proceeding" (Besharov and
Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Court Act
§355.1, at 496). Thus, pursuant to the authority granted by the statute, the Court may grant a new
fact-finding or dispositional hearing or it may vacate or modify any order issued during the
proceeding (Matter of Eugene S., 200 AD2d 574, 575; Matter of Barry H., 300 AD2d 1147, lv. 
denied 1 NY3d 503).
Although the parties are entitled to oral argument upon the motion under the procedural
statute governing motions for post-dispositional relief (Fam. Ct. Act §355.2 [3]), because
respondent's motion does not involve any material questions of fact bearing on the validity of
the existing fact-finding or dispositional orders, such as alleged newly-discovered evidence
(e.g., Matter of Eugene S., 185 AD2d 351, 352, opn after remand 200 AD2d, at 575), the Court
[*5]
may dispense with a hearing upon the motion (Fam. Ct. Act §355.2 [3], [4]; Besharov, Practice
Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Court Act §355.2, at 506).
Upon review of respondent's moving papers and the documents referenced therein, the
Court does not find any substantial change of circumstances warranting vacatur of the present
order of disposition. Respondent has been under supervision of the Department of Probation
since December 14, 2005 which is less than half of the12 months of supervision ordered by
the Court.[FN4] There appears to be no dispute that respondent has been regularly attending school,
reporting to his Probation Officer and participating in individual therapy since probation
supervision was imposed and that he has completed the 25 hours of community service as
directed by the Court. However, prior to his being placed on probation, respondent was
frequently absent from school or arrived late, he was experiencing behavioral problems, and he
was reported to be "somewhat depressed". As observed by the Assistant Corporation Counsel,
the reason that the Court denied respondent's previous application for an adjournment in
contemplation of dismissal and placed him on probation was because the Court found that he
required supervision in order to ensure that he complied with the conditions imposed by the
Court (see, Matter of Rufino M., 168 AD2d 385, 386; Matter of Jessee GG., 190 AD2d 916; 
Matter of Steven R., 230 AD2d 745; Matter of Christopher B., 229 AD2d 390, 395; Matter of
Gerald W., 12 AD3d 522, 523; Matter of Tyrell D., 24 AD2d 440, 441).
Moreover, while respondent was not found to have committed a violent act, his
possession of a dangerous multi-bladed knife inside of a public school posed a threat of harm to
[*6]
school staff, other students and himself. The possession of weapons in school facilities is a
matter of grave public concern (e.g., Matter of Gilberto A., 237 AD2d 285; Matter of Rasean B.,
7 AD3d 520; Matter of Uriel M., 4 Misc 3d 1011(A), 2004 NY Slip Op 50849(U); see also,
NYC Administrative Code §10-134.1 (a) [legislative findings]), and it is essential to ensure that
such behavior is not repeated by the respondent.
Finally, since respondent's Law Guardian has indicated that he wishes to withdraw his
motion at this time, the Court will mark the motion withdrawn. Respondent may file a further
motion for relief in accordance with the statute. Such a new motion should be accompanied by
a report from his school as to his academic performance and behavior during this current
semester, along with a report from his treating therapist.
This constitutes the decision of the Court.
E N T E R:
_________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
 May 12, 2006

Footnotes

Footnote 1:Penal Law §265.05 reads as follows: "[i]t shall be unlawful for any person under the age of sixteen to possess any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun or any instrument or weapon in or upon which any
loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor, or any dangerous knife . . . A person who violates the provisions of this section shall be
adjudged a juvenile delinquent"(italics added).

Footnote 2:The probation investigation and report is intended to assist the Court in determining the appropriate order of disposition in a juvenile delinquency proceeding (Matter of Alonzo M. v.
New York City Department of Probation, 72 NY2d 662, 664). For purposes of article three,
"the probation investigation shall include, but not be limited to, the history of the juvenile including previous conduct, the family situation, any previous psychological or psychiatric reports, school adjustment, previous social assistance provided by voluntary or public agencies and the response of the juvenile to such assistance" (Fam. Ct. Act §351.1 [1]; e.g., Matter of
Mi-Kell V., 226 AD2d 810, 811).

Footnote 3:An application for an adjournment in contemplation of dismissal may be made at any
stage of a delinquency proceeding prior to the entry of an order pursuant to Family Court Act
§352.1 which adjudicates the respondent to be a juvenile delinquent (Fam. Ct. Act §315.3 [1]; see, Matter of Edwin L., 88 NY2d 693, 600; Matter of Janay P., 11 AD3d 697).

Footnote 4:Pursuant to the statute, the maximum allowable period of probation is two years (Fam.
Ct. Act §353.2 [6]).