Matter of Lavon R. (2006 NY Slip Op 52153(U))

[*1]

Matter of Lavon R.

2006 NY Slip Op 52153(U) [13 Misc 3d 1237(A)]

Decided on November 17, 2006

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 17, 2006

Family Court, Queens County
In the Matter of Lavon R., A Person Alleged to be a Juvenile Delinquent, Respondent.
 D-4736/03

John M. Hunt, J.
Respondent, Lavon R., has moved for an order terminating the order of disposition
entered in this juvenile delinquency proceeding on November 3, 2004 which, inter alia, places
him in the custody of the New York State Office of Children and Family Services ("OCFS")
for a period of 18 months. Alternatively, respondent moves for an order vacating the November
3, 2004 order of disposition and for entry of a new order of disposition (Fam. Ct. Act §355.1).
By petition filed on May 1, 2003, respondent was alleged to have committed acts which,
were he an adult, would constitute the crimes of Sodomy in the Third Degree [FN1], Sexual
Misconduct, Sexual Abuse in the Second Degree and Sexual Abuse in the Second Degree.
Respondent's initial appearance upon the petition occurred on May 1, 2003 and a Law Guardian
was appointed to represent him and he was released to the custody of his mother pending further
proceedings before the Court (Fam. Ct. Act §§320.1, 320.2, 320.4, 320.5). A fact-finding hearing
upon the petition was conducted on June 3, 2003 and the hearing was continued until the next
[*2]
day. On June 4, 2003, respondent failed to appear in court and a warrant was issued for his
arrest. Respondent voluntarily appeared on June 5, 2003, his release to his mother was continued
and the hearing was rescheduled to continue on June 6 2003. At the conclusion of he hearing, the
Court entered an order finding that respondent committed acts which would constitute the sex
offenses of Sodomy in the Third Degree, Sexual Misconduct and Sexual Abuse in the Second
Degree (Fam. Ct. Act §345.1 [1]). The count charging Sexual Abuse in the Third Degree was
dismissed as a lesser included offense.[FN2] The Court then ordered an investigation by the Depart-
ment of Probation as well as a diagnostic assessment by the Family Court Mental Health Services
Clinic (Fam. Ct. Act §Act §351.1 [2])[FN3], and the case was scheduled for a dispositional hearing
on July 14, 2003.
The dispositional hearing was commenced on July 14, 2003 and the Court received the
report of the Department of Probation and the diagnostic assessment of respondent in evidence.
The hearing was then continued until July 18, 2003 and when respondent failed to appear on
that date, another arrest warrant was issued. Respondent appeared later that day, the warrant
was vacated and he was released to the custody of his mother and his adult sister who had
accompanied him to court that day. The hearing was continued until August 8, 2003 and the
[*3]
respondent was ordered to attend the Alternatives to Detention Program pending the resumption
of the dispositional hearing. The dispositional hearing concluded on August 8, 2003 and
respondent was adjudicated to be a juvenile delinquent based upon the Court's determination that
he was a person requiring supervision and treatment (Fam. Ct. Act §352.1 [1]). The Court then
entered an order placing respondent under the supervision of the New York City Department of
Probation for a period of two years under specific conditions imposed by the Court including that
he attend school regularly, that he attend counseling which was to include mandatory sexual
abuse counseling, that he obey a curfew and that he perform 300 hours of community service
(Fam. Ct. Act §§352.2 [1] [b], [2]; 353.2). Finally, an order of protection was issued directing
that respondent have no contact with the victim (Fam. Ct. Act §352.3).
Thereafter, on September 8, 2006 the Department of Probation filed a petition pursuant to
Family Court Act §360.2 alleging that respondent was in violation of the conditions of the order
of probation imposed by the Court (see, generally, Matter of Markim Q., 7 NY3d 405 [2006]).
More specifically, the verified petition alleged that respondent had violated the terms and
conditions of his probation by failing to cooperate with Probation Department referrals for sex
offender treatment and drug treatment.[FN4] In addition, the petition alleged that respondent failed to
complete the community service requirement imposed by this Court and that he tested positive
for marijuana on two occasions. Appended to the petition is an affidavit from respondent's
mother which states, in pertinent part, that he engaged her in a physical altercation at their home
which included respondent kicking and punching her. The mother's affidavit further stated that
[*4]
"[t]his is the third physical altercation we have had this year. At this time I fear for my safety. In addition to this, Lavon continues to smoke marijuana which makes him violent in the home."
A warrant was issued to secure respondent's presence before the Court (Fam. Ct. Act
§360.2 [3]), and upon his appearance on September 15, 2006 he entered a denial to the violation
petition and he was ordered to be detained by the Department of Juvenile Justice. On September
29, 2006 respondent entered an admission to the allegations of the violation petition, specifically
admitting that he had tested positive for marijuana while under probation supervision. The Court
then revoked the order of probation (Fam. Ct. Act §360.3 [1], [6]), and the matter was set down
for a renewed dispositional hearing and the Department of Probation was directed to update its
previous report. The hearing was conducted on October 13 and November 3, 2004 and at the
conclusion of that hearing the Court entered a superseding order of disposition which placed
respondent in the custody of OCFS for placement with Lakeside, an authorized agency (Social
Services Law §371 [10]), upon consent of the parties. In the order of disposition the Court
directed that Lakeside was to provide respondent with both sex offender therapy and drug
treatment counseling. On October 24, 2005, OCFS filed a petition seeking to extend respondent's
placement for an additional 12 months and that petition was scheduled to be heard on December
19, 2005. On the scheduled hearing date, OCFS reported that respondent had absconded from
Lakeside in January 2005 and that OCFS had issued an administrative warrant for him
(Executive Law §510-b).[FN5] Based upon the information provided to the Court, a bench warrant
[*5]
was issued for respondent.
Respondent was produced before the Court upon the warrant on May 19, 2006 and he
was ordered detained by the Department of Juvenile Justice pending further proceedings. Further
proceedings upon the petition to extend placement were conducted on June 9, 2006 and July 10,
2006. At the conclusion of the proceedings, OCFS withdrew the petition to extend placement
given that the existing placement was tolled by operation of statute during the 16 months he had
been absent without leave from OCFS custody (Executive Law §510-b [7]),[FN6] and the Court
entered an order approving the agency's permanency plan for the child which was continued
placement with OCFS with the ultimate goal being a return to the custody of his mother (Fam.
Ct. Act §355.5)
II
A respondent may seek post-dispositional relief in a juvenile delinquency proceeding by
filing a motion pursuant to Family Court Act §355.1. That section provides, insofar as relevant,
that:
1. Upon a showing of a substantial change of circumstances, the court may on its
own motion or on motion of the respondent or his parent or person responsible for
his care:
(a) grant a new fact-finding or dispositional hearing; or
(b) stay execution of, set aside, modify, terminate or vacate any order issued in
the course of a proceeding under this article.
Family Court Act §355.1 is a codification of the Court's inherent authority to modify or
[*6]
vacate its prior orders (Matter of Delfin A., 123 AD2d 318, 320 [1986]), and the statute
"reflect[s] the court's continuing jurisdiction and interest in a juvenile delinquency proceeding"
(Besharov and Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family
Court Act §355.1, at 496). Thus, pursuant to the statute, the Court may grant a new fact-finding
or dispositional hearing or it may vacate or modify any order issued during the course of the
proceeding (Matter of Eugene S., 200 AD2d 574, 575 [1994]; Matter of Barry H., 309 AD2d
1147 [2003], lv. denied 1 NY3d 503 [2003]).
Although the parties are entitled to oral argument upon the motion under the procedural
statute governing motions for post-dispositional relief (Fam. Ct. Act §355.2 [3]), because the
Court is sufficiently familiar with respondent's current circumstances and the moving papers
completely fail to establish any substantial change of circumstances, nor does the motion involve
any material questions of fact bearing on the validity of the existing fact-finding or dispositional
orders, such as alleged newly-discovered evidence (e.g., Matter of Eugene S., 185 AD2d 351,
352 [1992], opn after remand 200 AD2d, at 575), the Court may dispense with oral argument
upon the motion (Fam. Ct. Act §355.2 [3], [4]; Besharov, Practice Commentaries, McKinney's
Cons Laws of NY, Book 29A, Family Court Act §355.2, at 506).
Upon review of respondent's moving papers and the documents referenced therein, the
Court does not find any substantial change of circumstances warranting vacatur or termination of
the November 3, 2004 order of disposition. While respondent claims that he absconded from the
authorized agency "[f]earing for his safety", there is no evidence, documentary or otherwise,
submitted in support of that claim. Respondent's further claims, that he "has received and
completed sex offender services and substance abuse services [and] has also participated in group
[*7]
sessions addressing anger control, skill streaming, moral reconation therapy, psycho-educational,
pro-social and relapse prevention" and that his social worker at OCFS "reports that Lavon . . . is
a low risk to re-offend and therefore does not require continued services", it must be noted that
counsel for OCFS opposes respondent's application because he had only been at Lakeside for
two months prior to being absent without leave for 16 months and that he has only been receiving
treatment at the OCFS facility at Goshen since July 18, 2006. Thus, "[h]e has not completed a
total of six months in Lakeside and OCFS". Moreover, according to OCFS, its Coordinator of
Sex Offender Services "states that a plan of step-down in January 2007 with continued
community supervision [until] Lavon's expiration date, July 10, 2007, is appropriate, contingent
on respondent's good behavior [and] approval of the Sex Offender Review Committee . . .
[a]lthough Lavon has done well as Goshen, it is important to follow through with the treatment
plan, including developing a relapse prevention plan in order to have a successful transition back
home." The Presentment Agency also opposes respondent's motion, arguing that respondent was
found to have committed sex offenses, he violated the terns and conditions of his probation
supervision which led to his placement in OCFS custody, he absconded from the court-ordered
placement for a period of 475 days, he has only been at the OCFS Goshen facility for a period of
4 months and "[i]n those four months, he has only participated in seven group counseling
sessions. To this day, he does not fully admit to his sexual [offenses] and still minimizes his
criminal behavior."
"The overriding intent of the juvenile delinquency article is to empower Family Court to
intervene and positively impact the lives of troubled young people while protecting the public"
(Matter of Robert J., 2 NY3d 339, 246 [2004]; see, Matter of Randy K., 77 NY2d 398, 402
[*8]
[1991]; Matter of Jose R., 83 NY2d 388, 394 [1994]). While Family Court Act §355.1 does not
define "substantial change of circumstances", it is clear that respondent's continued placement in
the custody of OCFS coupled with his eventual release back to the community under OCFS
aftercare supervision (Executive Law §510-a [1]), both furthers his best interests and also
adequately protects the community. In particular, the Court notes that it found that respondent
committed an act of sodomy which involved his having forced the 13-year-old victim to perform
oral sex upon him. Additionally, respondent was found to have violated the terms and conditions
of his probation which resulted in his placement with OCFS for placement with Lakeside, he
absconded from Lakeside and was absent from OCFS custody for approximately 16 months, and
he was subsequently placed in an OCFS facility where he is presently receiving services. While
respondent presently appears to be making progress in his program of services, given the factors
set forth above as well as the fact that respondent has actually been out of the community for a
mere four months of the 18 month period of placement originally ordered , the Court cannot
conclude that there is a substantial change of circumstances warranting the requested relief.
Moreover, upon this record, it would be inappropriate for the Court to substitute its judgment for
that of OCFS and direct that respondent be immediately returned to the community without
further supervision by that agency.[FN7]
Accordingly, because the Court is not satisfied that there is a substantial change of
circumstances warranting termination or vacatur of the order of disposition placing respondent
[*9]
in the custody of OCFS (Matter of Zachary T.D., 26 AD3d 801, 802 [2006]), it is hereby
ORDERED, that the motion is denied with leave to renew in accordance with Family
Court Act §355.2 (5).
This constitutes the decision and order of the Court.
E N T E R:
_________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
November 17, 2006

Footnotes

Footnote 1:Now the crime known as Criminal Sexual Act in the Third Degree (P.L. §130.40, as
amended by L. 2003, ch 264).

Footnote 2:On August 8, 2003, the count charging the crime of Sexual Misconduct was dismissed
as a lesser included offense of the sodomy count on consent of the parties.

Footnote 3:The probation investigation and report is intended to assist the Court in determining the appropriate order of disposition in a juvenile delinquency proceeding (Matter of Alonzo M. v.
New York City Department of Probation, 72 NY2d 662, 664 [1988]). For purposes of article three, "the probation investigation shall include, but not be limited to, the history of the juvenile including previous conduct, the family situation, any previous psychological or psychiatric reports, school adjustment, previous social assistance provided by voluntary or public agencies and the response of the juvenile to such assistance" (Fam. Ct. Act §351.1 [1]; e.g., Matter of
Mi-Kell V., 226 AD2d 810, 811 [1994]).

Footnote 4:While the terms and conditions of probation imposed by the Court specifically directed
that respondent be referred for sex offender therapy, the Court also directed respondent to "cooperate with all probation referrals" for services (see, Fam. Ct. Act §353.3 [2] [h]).

Footnote 5:While the statute directs that OCFS immediately notify the Family Court whenever a
juvenile delinquent placed in its custody absconds from the custody of OCFS or an authorized
agency (Executive Law §510-b [2]), there is no indication that the Court was notified at any time
prior to December 19, 2006 at which time respondent had already been absent from Lakeside
for approximately 11 months.

Footnote 6:OCFS has determined that respondent's current placement will expire on July 10, 2006,
although the agency is authorized to seek an extension of placement.

Footnote 7:Although not binding upon this Court, it bears observation that Executive Law §510-c
provides, in pertinent part, that OCFS "may discharge from its custody any child placed with
[OCFS] whenever it deems such discharge to be in the best interest of the child and there is
reasonable probability that the child can be discharged without endangering public safety"
(Executive Law §510-c [1] [italics added]).