# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1090**
**CAF 14-00216**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ANNA H. MORGAN,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

JAMES W. PETERSON, JR., RESPONDENT-APPELLANT.
--------------------------------------------
IN THE MATTER OF JAMES W. PETERSON, JR.,
PETITIONER-APPELLANT,

V

ANNA H. MORGAN, RESPONDENT-RESPONDENT.

---

MARY R. HUMPHREY, NEW HARTFORD, FOR RESPONDENT-APPELLANT AND
PETITIONER-APPELLANT.

PAUL A. NORTON, CLINTON, FOR PETITIONER-RESPONDENT AND RESPONDENT-
RESPONDENT.

PAUL SKAVINA, ATTORNEY FOR THE CHILD, ROME.

---

Appeal from an order of the Family Court, Oneida County (Julia M. Brouillette, R.), entered December 19, 2013 in proceedings pursuant to Family Court Act article 6.  The order, among other things, awarded Anna H. Morgan sole legal custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from an order of custody and visitation entered following a hearing pursuant to Family Court Act article 6, respondent-petitioner father contends that Family Court erred in vacating a prior order of custody and visitation entered upon the consent of the parties and in conducting a de novo hearing.  We reject that contention.  It is well established that a court retains inherent authority to vacate its own order in the interest of justice, even when entered on consent (*see Matter of Chomik v Sypniak*, 70 AD3d 1336, 1336-1337).  "Indeed, the court's power to [vacate an order in the interest of justice] is inherent and 'does not depend upon any statute' " (*Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 67; *see Matter of Delfin A.*, 123 AD2d 318, 320).  Here, petitioner-respondent mother had the right to the assistance of counsel in this custody proceeding (*see* § 262 [a] [v]; *Matter of Kristin R.H. v Robert E.H.*,

48 AD3d 1278, 1279), and the conceded failure on the part of the court to advise her of that right was a sufficient basis for vacating the resulting order in the interest of justice (*see generally Delfin A.*, 123 AD2d at 319-320).

Entered:  October 9, 2015                    Frances E. Cafarell
                                            Clerk of the Court