■ In the Matter of JACQUELINE T., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition of the Family Court of the State of New York, Bronx County (Susan Larabee, J.), rendered on January 30, 1991, which, *inter alia,* adjudicated appellant a juvenile delinquent, and placed her with the New York State Division for Youth, Title II, for a period of eighteen months, unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of directing that appellant be placed on probation, and the matter is remanded for a hearing to determine the terms of probation, and except as modified, affirmed, without costs or disbursements.

Appellant, who was fifteen years old at the time of the dispositional hearing, was convicted on a guilty plea, of two counts of crimes which, if committed by an adult, would be first and second degree robbery. After six days of hearings at which experts and probation officials testified concerning the degree of supervision that would best serve both appellant's interests and the community's need for supervision, the Family Court placed appellant in a Title II non-secure facility within the City, so that appellant may be near to her family. The Family Court order also gave the State Division for Youth discretion to transfer appellant to a secure Title III facility. Resort to this alternative has not proved necessary. After appellant was placed in Spofford, where she performed well in her studies over a three-month period, this Court, by order entered July 13, 1991, stayed the Family Court order and directed that appellant report to the Department of Probation, attend grief and bereavement counseling, as well as individual counseling under the "Big Sisters" program. Appellant is currently living at home, with her mother and siblings, under the Supreme Court Probation Department's Intensive Supervision Program. On this appeal, appellant argues that the current arrangement sufficiently satisfies her needs as well as the needs of society.

In light of the sudden death of her stepfather and the cancer diagnosis of her mother, appellant's exemplary record while in Spofford, and her apparent success in the current arrangement, we extend the effect of the earlier stay ordered by this Court by modifying the disposition order to place appellant on probation.

On this record, in light of the apparent success of the

Intensive Supervision Program, appellant should be permitted the opportunity to continue in that program, absent any substantial violation of the terms of probation to be set on remand. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Kassal, JJ.