In the Matter of JENNIFER B., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [684 NYS2d 97] —Order unanimously reversed on the law without costs. Memorandum: Respondent appeals from an order of disposition of Family Court entered November 24, 1997, that adjudicated respondent to be a juvenile delinquent and placed her in the custody of petitioner, Monroe County Department of Social Services (DSS), for a period of 12 months effective October 3, 1997, for placement in an appropriate facility. On appeal, respondent contends that the court erred in making a new order of disposi-

tion that extended respondent's placement beyond the expiration date of the original order of disposition and that the new order is invalid because the prior order had never been vacated or modified. We agree.

DSS filed a petition in January 1997 alleging that respondent was a juvenile delinquent because she had committed acts that, if committed by an adult, would have constituted various crimes. While represented by counsel, respondent appeared in Family Court and admitted that she had committed acts that, if committed by an adult, would constitute the crime of petit larceny, a class A misdemeanor. On February 24, 1997, Family Court directed that respondent be placed in the custody of DSS for a period of one year and that she complete a 28-day inpatient substance abuse program at an authorized facility. Respondent was admitted to a substance abuse program on February 26, 1997, but absconded from the program on March 10. On March 26, Family Court issued a warrant for her arrest. On August 21, 1997, after respondent had been picked up on the warrant, the court advised her that she would have to complete a 28-day substance abuse program before the court could place her anywhere. On August 27, 1997, respondent agreed to complete a 28-day substance abuse program at Conifer Park, and the court approved placement with DSS so that she could complete that program. On October 3, 1997, after completing the program, respondent appeared in Family Court. Counsel for DSS requested that the court place respondent at St. Anne's Institute for a period of 12 months. Respondent's attorney argued that the original order of disposition issued February 24, 1997, placing her for a period of 12 months, was a final disposition and that the court could not issue a new order extending the duration of the original order of disposition. Counsel for DSS argued that the prior order of disposition was a temporary order. The court agreed, stated that the prior order of disposition was intended to be temporary, and signed an amended order of disposition. By order dated October 27, 1997, Family Court placed respondent in the custody of DSS for a period of 12 months.

The record establishes that the order of February 24, 1997, placing respondent for a period of one year effective that date, was a permanent order of disposition. A modification of that order would have to comply with Family Court Act § 355.1 (3), which provides: "If the court issues a new order of disposition under this section the date such order expires shall not be later than the expiration date of the original order." Pursuant to that section, Family Court was not authorized to extend

respondent's placement beyond the one-year period set down in the original order effective February 24, 1997.

DSS contends that the appeal should be dismissed as moot. We agree with the Law Guardian that this matter falls within an exception to the mootness doctrine (*see generally, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). The court's action would escape review because generally the order of placement will have expired by the time the appeal is perfected and heard. We thus reverse the order, in which Family Court improperly attempted to modify its original order in violation of Family Court Act § 355.1. (Appeal from Order of Monroe County Family Court, Miller, J.—Juvenile Delinquency.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.