In the Matter of CHAZ H., an Infant, Appellant. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [748 NYS2d 296] —Appeal from an order of Family Court, Monroe County (Kohout, J.), entered November 26, 2001, which placed respondent in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: By order to show cause dated September 12, 2001, petitioner sought modification of an order of extension of Family Court entered January 8, 2001 that, inter alia, continued respondent in the custody of petitioner. In its order to show cause, petitioner sought to modify the January 2001 order by placing respondent in the custody of the New York State Office of Children and Family Services (OCFS); sought to extend respondent's placement for an additional 12-month period; and sought a permanency hearing. Respondent appeals from the order granting that relief. By failing to object to that part of the court's oral determination to extend respondent's placement for a period 12 months on the ground that the court erred in ordering a placement that extends beyond the expiration date of the January 2001 order, respondent failed to preserve that contention for our review (*see* CPLR 5501 [a] [3]; Family Ct Act § 1118). In any event, that contention is without merit. Contrary to the contention of respondent, in addition to seeking a modification of the January 2001 order by placing respondent in the custody of OCFS, petitioner properly sought an extension of respondent's placement for a period of 12 months (*see* Family Ct Act § 355.3 [1], [2]; *cf. Matter of Jennifer B.*, 256 AD2d 1195, 1196-1197).

Respondent also failed to preserve for our review his conten-

tion that the court erred in modifying the January 2001 order on the ground that petitioner failed to establish a substantial change of circumstances warranting such modification (see CPLR 5501 [a] [3]; Family Ct Act § 1118). In any event, were we to address that contention, we would conclude that the court properly determined that petitioner established a substantial change of circumstances warranting respondent's placement in the custody of OCFS (see § 355.1 [1]). We have considered respondent's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.