■ In the Matter of Daniel S. Kerr, Respondent, v Doris J. Kerr, Appellant. [754 NYS2d 615] —Appeal from an order of Supreme Court, Steuben County (Latham, J.), entered March 5, 2002, which, inter alia, granted custody of the parties' children to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Steuben County, Latham, J. Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.

■ In the Matter of Brandon J., Appellant. Monroe County Attorney, Respondent. [755 NYS2d 534] —Appeal from an order of Family Court, Monroe County (Taddeo, J.), entered April 24, 2002, which placed respondent in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order that found that he had violated the conditions of probation imposed on a prior adjudication of juvenile delinquency. Respondent contends that he was denied due process and equal protection because Family Court denied his request for a dispositional hearing. That contention is not preserved for our review (*see Matter of Jasen P.M.*, 289 AD2d 1033) and, in any event, lacks merit. It is well settled that "no new dispositional hearing is required upon a finding that a juvenile delinquent has violated the conditions of probation" (*Matter of Edwin L.*, 88 NY2d 593, 601, citing Family Ct Act § 360.3 [6]; *see Jasen P.M.*, 289 AD2d 1033; *Matter of Vincent B.*, 239 AD2d 925, 926). Contrary to respondent's further contention, the court was not required to state its findings in open court. The court complied with the requirements of the Family Ct Act by stating its findings in the written order (*see* § 352.2 [2] [b]; [3]). Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.