■ In the Matter of NICOLETTE R., a Person Alleged to be a Juvenile Delinquent, Appellant. [779 NYS2d 487]—

Order of disposition, Family Court, Bronx County (Harold J. Lynch, J.), entered on or about January 28, 2004, which adjudicated appellant a juvenile delinquent, upon a finding that she committed an act, which, if committed by an adult, would constitute the crime of prostitution, and placed her with the Office of Children and Family Services in a limited secure facility for a period of 12 months, without credit for time already served, unanimously modified, on the law and the facts, to the extent of vacating that portion of the order directing appellant's placement at a limited secure facility and to instead direct that she be placed at Hawthorne Cedar Knolls as soon as an opening becomes available, and otherwise affirmed, without costs.

Although appellant was 12 years old at the time of her arrest and thus would have been deemed, pursuant to Penal Law § 130.05 (3) (a), incapable of consenting to any sexual act rendered unlawful by Penal Law article 130, this circumstance was irrelevant to the issue of whether she was properly found to have committed an act, which if committed by an adult, would constitute the crime of prostitution. The statute defining prostitution, Penal Law § 230.00, contains no age requirement. Penal Law § 130.05 (3) (a) provides that underage status is a type of incapacity to consent that would constitute "[l]ack of consent" under section 130.05 (2) (b), an essential element of every offense defined in Penal Law article 130. There is nothing in the Penal Law to support the conclusion that section 130.05 (3) (a) was intended to bear any relationship to Penal Law § 230.00, which involves charging a fee for sexual activity. Accordingly, the court properly denied appellant's motion to dismiss the petition.

The court properly exercised its discretion in denying appellant's motion to dismiss in furtherance of justice (Family Ct Act § 315.2). However, we agree with appellant that the court erred in failing to consider the least restrictive available alternative in fashioning an appropriate dispositional order (Family Ct Act § 352.2 [2] [a]; *Matter of Gomez*, 131 AD2d 399 [1987]). It is undisputed that appellant is in need of specialized services that are unavailable at a limited secure facility operated by the Office of Children and Family Services. While, as the court found, appellant poses a potential flight risk, appropriate security measures are provided at the residential facility that has accepted her, and transfer to a more secure facility may be considered should such risk become a reality. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.