■ In the Matter of RICHARD W., Appellant. MONROE COUNTY ATTORNEY, Respondent. [786 NYS2d 876]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered March 5, 2004 in a proceeding pursuant to Family Ct Act article 3. The order adjudicated respondent a juvenile delinquent and placed him with the Monroe County Commissioner of Social Services at Snell Farm for a period of 18 months effective February 27, 2004.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent was adjudicated a juvenile delinquent upon a finding that he committed an act that, if committed by an adult, would constitute the crime of sexual abuse in the first degree (Penal Law § 130.65 [3]). Following a dispositional hearing, Family Court determined that respondent required supervision, treatment and confinement, and ordered that he be placed at Snell Farm, a residential sex offender treatment program, for an 18-month period. We reject the conten-

tion of respondent that the court failed to consider the "least restrictive available alternative" in placing him at Snell Farm (Family Ct Act § 352.2 [2] [a]). The court has broad discretion in determining the appropriate disposition in juvenile delinquency cases (see Matter of Todd B. [appeal No. 2], 190 AD2d 1035, 1036 [1993]), and "[i]n determining an appropriate order [of disposition] the court shall consider the needs and best interests of the respondent as well as the need for protection of the community" (§ 352.2 [2] [a]).

Here, the record establishes that the court properly ordered the least restrictive available alternative that "is consistent with the needs and best interests of the respondent and the need for protection of the community" (id.). Respondent, who was 13 years old at the time of the incident, sexually abused two boys, ages six and eight. In a discussion with the caseworker who prepared the sexual aggression assessment, respondent expressed little remorse and, indeed, blamed the victims for the incident. The caseworker concluded in the sexual aggression assessment that respondent was at "high risk to re-offend," and each of the counselors and caseworkers who examined respondent concluded that he should be placed at a residential sex offender treatment program. In addition, respondent's parents insisted that the victims and their mother exaggerated the claims. Thus, we conclude that the disposition ordered by the court does not constitute an abuse of discretion (see Matter of Shawn V., 195 AD2d 796 [1993]; Todd B., 190 AD2d at 1036). Present—Scudder, J.P., Kehoe, Martoche and Lawton, JJ.