■ In the Matter of PHILLIP D., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY ATTORNEY, Respondent. [811 NYS2d 516]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered May 19, 2005 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent was adjudicated a juvenile delinquent upon his admission that he committed an act constituting the crime of unlawful possession of a weapon by a person under 16 (Penal Law § 265.05). That act was committed when respondent was on probation as the result of a prior delinquency adjudication. Following a dispositional hearing, Family Court ordered that respondent be placed in the custody of the New York State Office of Children and Family Services (OCFS) for a period of 12 months. We reject the contention of respondent that the court erred in failing to consider a more intensive probation program before placing him with OCFS. The record at the hearing established that probation had not been successful for respondent, and "[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement" (*Matter of Anthony M.*, 142 AD2d 731, 732 [1988]). The record further establishes that no private placements were available because of respondent's high-risk behavior and that OCFS has appropriate resources and programs to address respondent's needs (*see Matter of Todd B.* [appeal No. 2], 190 AD2d 1035, 1036 [1993]). Thus, we conclude "that the court properly ordered the least restrictive available alternative that 'is consistent with the needs and best interests of the respondent and the need for protection of the community' " (*Matter of Richard W.*, 13 AD3d 1063, 1064 [2004], quoting Family Ct Act § 352.2 [2] [a]). Finally, respondent failed to preserve for our review his contention that the court should have ordered a mental health evaluation for respondent before determining that he should be placed with OCFS (*see generally Matter of Borggreen v Borggreen*, 13 AD3d 756, 757 [2004]; *Matter of Eugene S.*, 200 AD2d 574, 575 [1994]). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.