■ In the Matter of MICHAEL A.M., JR., Appellant. NIAGARA COUNTY ATTORNEY, Respondent. [818 NYS2d 392]—

Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered October 31, 2005 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order adjudging that he is a juvenile delinquent and placing him in the custody of the New York State Office of Children and Family Services (OCFS), respondent contends that Family Court failed to consider the "least restrictive available alternative" in placing him in the custody of OCFS (Family Ct Act § 352.2 [2] [a]). We reject that contention. The record establishes that respondent refused to live at home, failed to cooperate with the Probation Department during the pendency of this and two earlier proceedings, tested positive for drugs during the pendency of this proceeding, and failed to make more than a minimal effort to participate in drug treatment programs or to attend school. We thus conclude that the court properly ordered the least restrictive available alternative that "is consistent with the needs and best interests of the respondent and the need for protection of the community" (id.; see Matter of Richard W., 13 AD3d 1063 [2004]). Indeed, we note that "[t]he least restrictive alternative test does not require

the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement" (*Matter of Anthony M.*, 142 AD2d 731, 732 [1988]; *see Matter of Phillip D.*, 27 AD3d 1126 [2006]).

Contrary to respondent's further contention, the court was not required to state on the record its reasons for placing respondent in the custody of OCFS. Rather, the court properly set forth in its order the court's reasons for ordering respondent's placement in the custody of OCFS (*see* Family Ct Act § 352.2 [3]; *Matter of Brandon J.*, 302 AD2d 965 [2003]). Respondent failed to preserve for our review his contention that the court erred in denying him the opportunity to present additional evidence inasmuch as he failed to seek a continuance to present such evidence and did not object when the court continued with the dispositional phase of the proceeding in the absence of such evidence (*see generally Brandon J.*, 302 AD2d 965 [2003]; *Matter of Jasen P.M.*, 289 AD2d 1033 [2001]).

We have considered respondent's further contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Green, JJ.