■ In the Matter of ERIC S.D., Appellant. GENESEE COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [829 NYS2d 318]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered May 19, 2006 in a proceeding pursuant to Family Court Act article 3. The order placed respondent until March 21, 2007 in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from two orders placing him in the custody of the New York State Office of Children and Family Services (OCFS). Those orders modify prior orders that placed respondent, an adjudicated juvenile delinquent, in the custody of the Genesee County Department of Social Services (DSS). We reject the contention of respondent that Family Court abused its discretion in determining that placement with OCFS

is the least restrictive placement alternative consistent with his best interests and the need for protection of the community (*see* Family Ct Act § 352.2 [2] [a]). Petitioner established that respondent was placed in a therapeutic foster home in September 2004 after a determination that he willfully violated a conditional discharge of the juvenile delinquency adjudication. Thereafter, respondent was placed in a second therapeutic foster home and then returned to his mother's home on the condition that he participate in the STAR program. Respondent failed to participate in the STAR program and was again placed in a therapeutic foster home. That placement, however, was also unsuccessful. Respondent was then placed in a facility for a diagnostic evaluation, and, based upon the recommendation resulting from that evaluation, respondent was placed in a residential treatment center (RTC) where he resided for approximately seven months. During the first two weeks of a trial discharge from the RTC to his mother's home, respondent violated several of the conditions of the trial discharge. A witness for petitioner testified that DSS had exhausted its placement resources for respondent. A representative for OCFS testified that respondent's educational and mental health needs could be addressed through placement in a limited secure facility.

The court has broad discretion in determining the appropriate disposition in a juvenile delinquency matter (*see Matter of Richard W.*, 13 AD3d 1063, 1064 [2004]), and we conclude that the court properly determined that placement with OCFS is the least restrictive placement alternative that is consistent with respondent's best interests and the need for protection of the community (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Michael A.M.*, 31 AD3d 1183 [2006]; *Matter of Phillip D.*, 27 AD3d 1126, 1127 [2006]; *Matter of Stacy S.*, 17 AD3d 1146, 1147 [2005]).

Respondent failed to preserve for our review his contention that the court erred in modifying the prior orders because petitioner failed to establish a substantial change of circumstances warranting the modification as required by Family Court Act § 355.1 (2) (*see Matter of Chaz H.*, 298 AD2d 983, 983-984 [2002]; *see generally* CPLR 5501 [a] [3]; Family Ct Act § 1118). In any event, we conclude that the contention is without merit. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.