■ In the Matter of JERWIN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [847 NYS2d 546]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about June 26, 2006, which, after a violation of probation hearing, revoked an order of disposition, same court and Judge, entered on or about October 3, 2005, which had adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the fourth and fifth degrees and petit larceny, and had placed him on probation for a period of up to 18 months, and instead placed him with the Office of Children and Family Services for a period of up to 18 months, unanimously affirmed, without costs.

The court's determination that appellant violated the conditions of his probation to an extent warranting revocation is supported by a preponderance of the evidence (*see Matter of Anthony U.*, 39 AD3d 424 [2007]). Appellant failed to comply with his probation conditions, which included attending school and a drug program. The court properly concluded that place-

---

335

ment in a limited secure facility for up to 18 months was the least restrictive alternative consistent with the needs of appellant and the community, where probation had already failed, and both the Department of Probation and the Mental Health Services recommended placement (*see Matter of Tiffany H.*, 19 AD3d 176 [2005]).

The fact-finding court properly denied appellant's motion to suppress identification testimony. The showup identification procedure was justified by its close spatial and temporal proximity to the crime, and was not unduly suggestive (*see People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]).

The court's fact-finding determination was supported by legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing its determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim and witness had ample opportunity to observe appellant and they provided reliable identification testimony. Concur—Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ.