■■ In the Matter of JOSHUA M., Appellant. MONROE COUNTY ATTORNEY, Respondent. [872 NYS2d 806]—

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered February 8, 2008 in a proceeding pursuant to Family Court Act article 3. The order, among other things, placed respondent on probation for a period of 24 months.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order that revoked his existing probation based on the finding that he violated the conditions of probation and placed him on a new two-year period of probation, respondent contends that Family Court erred in directing the presentment agency to file a violation petition. The record does not support that contention. The petition, which was verified and subscribed by the presentment agency in accordance with Family Court Act § 360.2 (2), merely recites that it is "being filed at the request of" the court, and it does not recite that the court "directed" the presentment agency to file the petition. Indeed, we agree with petitioner that respondent "did not present proof that it was the Family Court Judge alone" that prompted the filing of the petition (*see* § 360.2 [1]). Also contrary to the contention of respondent, the court properly found that he violated the conditions of probation. The record establishes that the presentment agency "met its burden of establishing by a preponderance of the evidence that respondent violated the conditions of [his] probation" (*Matter of Carliesha C.*, 17 AD3d 1057, 1057 [2005]; *see Matter of Devon AA.*, 7 AD3d 845, 846 [2004]). Finally, we reject the contention of respondent that the court lacked the authority to remand him to detention after completion of the fact-finding hearing, pending a continuance of the violation proceeding (*see* Family Ct Act § 360.3 [6]), and we conclude, based upon the severity of

the offense committed by respondent as well as his willful violation of his existing conditions of probation, that the court did not abuse its discretion in imposing a new two-year period of probation (*see Matter of Richard W.*, 13 AD3d 1063, 1064 [2004]). Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.