■ In the Matter of JAZMIN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [878 NYS2d 618]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about April 16, 2008, which remanded appellant to a detention facility operated by the New York City Department of Juvenile Justice, unanimously reversed, on the law, without costs, and the order vacated.

Having issued an order of disposition placing appellant on probation, the Family Court lacked authority to remand her to detention in the absence of a violation of probation petition (*see* Family Ct Act §§ 360.2, 360.3 [2] [b]; *People ex rel. Silbert v Cohen*, 29 NY2d 12 [1971]). For purposes of a detention determination under Family Court Act § 320.5, a court appearance for the purpose of monitoring compliance with the terms of probation is not an adjournment of the "initial appearance" on the underlying juvenile delinquency petition (*see* Family Ct Act § 320.1), because that petition has already been adjudicated and a dispositional order entered. After probation has been imposed, the detention provisions of section 320.5 do not become relevant until a violation of probation petition has been filed.

We review this issue, despite its mootness, under the exception to the mootness doctrine for substantial and novel issues likely to recur and evade review (*see Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 505 [1998]). However, we do not decide the hypothetical questions of whether, assuming compliance with the procedural requirements of Family Court Act § 355.2, a motion under Family Court Act § 355.1 to stay, modify or terminate an order of probation based on change of circumstances would provide an alternate means of initiating proceedings to revoke probation, and whether detention would be authorized pending resolution of such a motion. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.