OPINION OF THE COURT
John M. Hunt, J.
I
This juvenile delinquency proceeding calls upon the court to address the purpose of the provisions of Family Court Act § 355.1 which provide a mechanism for the filing of motions to modify or vacate prior orders entered in juvenile delinquency cases.
By petition filed pursuant to Family Court Act § 310.1 on December 17, 2008 the respondent, Miguel E, was alleged to have committed acts which, were he an adult, would constitute the crimes of assault in the third degree (Penal Law § 120.00 [1]) and menacing in the second degree (Penal Law § 120.14 [1]). The initial appearance upon the petition was conducted on December 23, 2008 (Family Ct Act § 320.1). At that time, a Law Guardian was appointed to represent the respondent who entered a denial to the allegations in the petition (Family Ct Act § 320.2 [2]; §§ 320.4, 321.1 [1]), the case was scheduled for further proceedings on February 2, 2009, and respondent was released to the custody of his mother (Family Ct Act § 320.4 [2] [a]; § 320.5 [1], [3]).
The case next came before the court on February 2, 2009 and on that date the respondent withdrew his previously entered denial of the allegations and he made an admission, which was accepted by the court in accordance with Family Court Act § 321.3, that he had committed an act which, were he an adult, would constitute the crime of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), a lesser included offense of the charge of assault in the third degree (see Family Ct Act § 321.2 [3]; Matter of Dwight M., 80 NY2d 792, 794 [1992]; Matter of William A., 4 AD3d 647, 649 [2004]). A dispositional hearing was conducted on March 17, 2009 at which the court received a written report of an investigation conducted by the Department of Probation and records relating to respondent’s school attendance. At the conclusion of the hearing and in accordance with Family Court Act § 352.2 (1) (b) and § 353.2, the court placed the respondent on probation under the supervision of the New York City Department of Probation upon the condi *807 tions that: (i) the Department of Probation is to enroll the respondent in its Enhanced Supervision Program; (ii) respondent is to abstain from the use of, and test negative for, marijuana, alcohol and controlled substances; (iii) respondent is to commit no further criminal or delinquent acts nor be arrested for the commission of such acts; (iv) respondent to complete 100 hours of community service; (v) respondent to be subject to random drug testing by the Department of Probation and in the event of a positive test, the Department is to refer the respondent to an appropriate treatment program; (vi) respondent to obey the lawful commands of his parent; (vii) respondent to observe a curfew of 6:00 p.m. until he completes the first 50 hours of community service, at which time the curfew may be adjusted by his parent in consultation with the Department of Probation; (viii) respondent not to wear nor display gang colors and not to possess gang-related materials; and (ix) respondent to attend school regularly and comply with all rules and regulations of the Department of Education.
On May 12, 2009 the Department of Probation filed a violation of probation petition pursuant to Family Court Act § 360.2 alleging that respondent had violated the conditions of the court’s March 17, 2009 order by having been truant from school and having been suspended by school authorities. A hearing upon the violation petition was conducted pursuant to Family Court Act § 360.3 on May 13, 2009. At the conclusion of the hearing the court found by the requisite quantum of proof that respondent had violated the conditions of the March 17, 2009 order of probation (see Matter of Amanda RR., 230 AD2d 451, 453 [1997]; Matter of Roland H., 30 AD3d 225, 226 [2006]; Matter of Jerwin R., 46 AD3d 334 [2007], lv denied 10 NY3d 711 [2008]; Matter of Joshua M., 59 AD3d 1073 [2009]), and the order of probation was revoked by the court (Family Ct Act § 360.3 [1]). The case was scheduled for a further dispositional hearing and the Department of Probation and the Family Court Mental Health Services Clinic were directed to prepare updated reports concerning respondent’s current circumstances and mental condition. In addition, the Department of Probation was directed to arrange for drug testing of the respondent and to explore possible placement resources in the event that the court ultimately determined that respondent was in need of treatment and confinement.
Subsequently, by order dated June 18, 2009 the court entered a new order of disposition which placed respondent under the *808 supervision of the Department of Probation for a period of 18 months with the Enhanced Supervision Program, effective June 18, 2009 (see Matter of Vito G.L., 27 AD3d 471, 472 [2006]; Matter of Joshua M., 59 AD3d 1073 [2009]). The court specifically incorporated the conditions of the March 17, 2009 order of probation into the June 18, 2009 order, with the additional conditions that: (i) respondent shall complete 150 hours of community service upon completion of any remaining hours of community service imposed by the initial order of probation; and (ii) respondent to enroll in and comply with the Day Top substance abuse treatment program, or any other substance abuse treatment program to which the Department of Probation may refer him. The case was then adjourned until August 6, 2009 in order to receive reports as to respondent’s compliance with the Day Top substance abuse treatment program as well as the status of drug testing conducted by or at the direction of the Department of Probation.
Counsel for the parties, the respondent and his mother appeared before the court on the morning of August 6, 2009. The court received a written report from the probation officer assigned to supervise the respondent. That report indicated that respondent had recently returned to live with his mother and that both the probation officer and the counselor who was treating the respondent “have identified a sudden change in respondent's] behavior.” According to the report, since returning to his mother’s home, respondent had demonstrated “strong negative resistant feelings towards his mother” and that during a visit to the mother’s home by the probation officer, respondent’s mother
“indicated that the respondent does not follow his curfew and often disrespects her and disregards his rules and regulations ... it appears that the respondent was doing well when he was residing with his maternal grandmother but now that he has returned home to his motherfs] residence he is off track.”
In addition, the respondent told his probation officer “he does not care what happens to him” and the probation officer believes that respondent “is at a higher risk to re-offend in the community and placement is [now] recommended.”
After reviewing the written report, the court directed that the respondent be tested for controlled substances at the laboratory maintained by the Queens County Family Court Drug Treat *809 ment Part. That test was immediately conducted and the laboratory thereafter reported that the respondent tested positive for marijuana. At that point, the court prepared and filed its own written motion pursuant to Family Court Act § 355.1, directing that the respondent, the Law Guardian, the presentment agency and the Department of Probation forthwith show cause why the court should not vacate, set aside, modify or terminate the order of probation dated June 18, 2009 based upon a substantial change of circumstances. When the case was recalled later in the day on August 6, 2009, the Law Guardian objected to the court’s filing of its own motion. When it was discovered that respondent was not present in the courthouse, the court issued a warrant to secure his appearance before the court (Family Ct Act §§ 156, 312.2 [1]). As of the date of this decision and opinion, respondent has not been returned upon the warrant. Two days after the court filed its own motion pursuant to Family Court Act § 355.1, the Department of Probation filed a violation of probation petition (Family Ct Act § 360.2). Action upon the violation petition has been held in abeyance pending respondent’s appearance before the court.
II
The Law Guardian objected when the court filed its own motion pursuant to Family Court Act § 355.1 on August 6, 2009, arguing, in effect, that the court could not file such a motion unless the objective was to order the performance of an act or to enter a new or modified order of disposition with which the respondent is in agreement. The court does not concur with the Law Guardian’s constrained interpretation of the statute.
Family Court Act § 355.1 reads as follows:
“1. Upon a showing of a substantial change of circumstances, the court may on its own motion or on motion of the respondent or his [or her] parent or person responsible for his [or her] care:
“(a) grant a new fact-finding or dispositional hearing; or
“(b) stay execution of, set aside, modify, terminate or vacate any order issued in the course of a proceeding under this article.
“2. An order issued under section 353.3, may, upon a showing of a substantial change of circumstances, be set aside, modified, vacated or terminated upon motion of the commissioner of social services or [the
*810 Office of Children and Family Services (OCFS)] with whom the respondent has been placed.
“3. If the court enters a new order of disposition under this section the date such order expires shall not be later than the expiration of the original order.”
Family Court Act § 355.1 is a codification of the court’s inherent authority to modify or vacate its prior orders in a juvenile delinquency proceeding (Matter of Delfin A., 123 AD2d 318, 320 [1986]; see Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta, 11 AD3d 750, 751 [2004]), and the statute “reflect[s] the court’s continuing jurisdiction and interest in a juvenile delinquency proceeding” (Besharov and Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 355.1, at 496 [West 1998]).
“Accordingly, pursuant to the statute, upon a motion by or on behalf of the respondent, or upon the court’s own motion, a new fact-finding or dispositional hearing may be granted, and any prior order may be stayed, modified, terminated or vacated upon a showing of a substantial change of circumstances” (Matter of Gerry B., 15 Misc 3d 1134[A], 2007 NY Slip Op 50979[U], *9 [2007]; see Matter of Eugene S., 200 AD2d 574, 575 [1994]; Matter of Chaz H., 298 AD2d 983, 984 [2002]; Matter of Barry H., 309 AD2d 1147 [2003], lv denied 1 NY3d 503 [2003]; Matter of Eric S.D., 37 AD3d 1045, 1046 [2007]; Matter of Jonathan C., 51 AD3d 559 [2008]; Matter of Gary B., 12 Misc 3d 1151[A], 2006 NY Slip Op 50852[U] [2006]).
Family Court Act § 355.1 and its procedural counterpart, Family Court Act § 355.2, “are the primary mechanisms which may be used to raise post-hearing issues, including those which involve jurisdictional or constitutional points” (Sobie, 2003 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, 2008 Pocket Part, at 165). Family Court Act § 355.1 specifically designates which parties or entities, including the court, has standing to file this type of motion. In this instance, the Legislature has limited standing to file the motion to the respondent (and his or her Law Guardian), the respondent’s parent, the “person responsible for his care” which includes any public agency having legal custody of the juvenile pursuant to a court order (e.g. Matter of Eric S.D., 37 AD3d 1045 [2007]; Matter of Zachary T.D., 26 AD3d 801, 802 [2006]), and the court *811 itself (Family Ct Act § 351.1 [1]). The statute does not authorize the filing of this type of motion by other interested entities such as the presentment agency and the Department of Probation.[1]
Motions seeking a new fact-finding or dispositional hearing or seeking to stay execution, set aside, modify, terminate or vacate a prior order arise in a variety of contexts in juvenile delinquency proceedings, and where the requisite showing of a substantial change of circumstances is made, the court may make such further orders as are appropriate. In some instances the order resulting from a motion made pursuant to Family Court Act § 355.1 would not necessarily be considered to be “favorable” to a respondent and such orders are not always entered with the consent of the juvenile, given that the motion may be made by the court itself or by an agency having custody of the juvenile, rather than by a law guardian acting on behalf of the juvenile.
While a showing of a substantial change of circumstances is a prerequisite to the granting of relief under Family Court Act § 355.1, the statute does not attempt to define that term. This is understandable as each juvenile’s circumstances are unique. Thus, courts are required to make a determination of whether there has been a substantial change of circumstances on a case-by-case basis. For example, the death of a respondent’s stepfather and the diagnosis of her mother with cancer was found to constitute a substantial change of circumstances warranting the modification of an order of disposition from place *812 ment with the OCFS to probation supervision in the community (Matter of Jacqueline T., 182 AD2d 547 [1992]). In another case, this court found that the respondent’s compliance with an order placing her under probation supervision and other proof of her rehabilitation constituted a substantial change of circumstances warranting vacatur of the order of disposition and the substitution of an adjournment in contemplation of dismissal (Matter of Amber F., 23 Misc 3d 1101[A], 2009 NY Slip Op 50531[U] [2009]). Courts have also found that the exhaustion of possible placement alternatives by the local Department of Social Services with whom an adjudicated juvenile delinquent is placed constituted a substantial change of circumstances and justified the placement of the juvenile with the Office of Children and Family Services (Matter of Chaz H. at 984; Matter of Eric S.D. at 1046), and the failure of a juvenile to comply with the conditions of an order of probation supervision constituted a substantial change of circumstances which supported the entry of a new order of disposition which both placed the respondent in the custody of the Department of Social Services and placed him under an additional period of supervision by the Department of Probation (Matter of Lorenzo A., 59 AD3d 441 [2009]).
In contrast, the motion will be denied where the moving party fails to establish a substantial change of circumstances. For example, claims of newly-discovered evidence or suddenly available witnesses were both found insufficient to warrant relief under the statute (Matter of Eugene S. at 575; Matter of Barry H. at 1147). In another case, the court determined that the fact that a juvenile moved across a county line without a change of legal address or any change in the child’s legal custody did not warrant modification of an order which placed the child with the Department of Social Services (Matter of Zachary T.D. at 802), and in two other instances motions seeking to set aside or modify orders placing a juvenile with the Office of Children and Family Services were denied where there was a failure to establish the existence of a substantial change of circumstances (Matter of Todd B., 197 AD2d 922 [1993]; Matter of Taye E., 213 AD2d 292 [1995]).
A
Respondent’s argument that the court’s ability to file its own motion pursuant to Family Court Act § 355.1 is limited to those situations where the respondent is in agreement with the prospective objective of the motion is not supported by the clear language of the statute.
*813 In interpreting a statute the court first looks to the plain meaning of the language used in the statute in order to ascertain the intent of the Legislature. “The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used” (People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995] [citation and internal quotation marks omitted]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; Matter of Orens v Novello, 99 NY2d 180, 186 [2002]; State of New York v Patricia II., 6 NY3d 160, 162 [2006]; Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]; Samiento v World Yacht Inc., 10 NY3d 70, 77-78 [2008]). If the language of the statute is clear and unambiguous, the court need proceed no further as
“it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning” (Majewski v Broadalbin-Perth Cent. School Dist. at 583 [citation omitted]; see Reddington v Staten Is. Univ. Hosp., 11 NY3d 80, 91 [2008]; Matter of Smith v Donovan, 61 AD3d 505, 508 [2009]).
The words used in drafting Family Court Act § 355.1 (1) are clear and unambiguous and they require no interpretation beyond their natural meaning. A motion for a new hearing or to stay execution of, set aside, modify, terminate or vacate any order entered in the course of a juvenile delinquency proceeding may be made by uthe court. . . on its own motion or on motion of the respondent or his [her] parent or person responsible for his [her] care” (Family Ct Act § 355.1 [1] [emphasis added]). While relief is available only where there is a showing of a substantial change of circumstances, the Legislature has not in any way limited or conditioned the ability of the persons or entities authorized to file the motion in the fashion asserted by the Law Guardian.
“Statutes are to be construed according to the ordinary meaning of their words . . . [and] [w]here a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is *814 omitted or not included was intended to be omitted or excluded” (Matter of Jose R., 83 NY2d 388, 393-394 [1994] [internal quotation marks and citation omitted]; see Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]; Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665-666 [1988]).
Had the Legislature sought to condition or limit the authority of the Family Court or a public agency in the manner suggested by the Law Guardian, it must be presumed that language to that effect would have been included in Family Court Act § 355.1 (1). The omission of any such limiting language in the statute must lead to the conclusion that no such limitation or condition precedent was intended by the Legislature.
The Law Guardian’s construction of the statute is also unsupported by precedent. In Matter of Lorenzo A. (59 AD3d 441 [2009]), this court filed its own motion pursuant to Family Court Act § 355.1 based upon respondent’s apparent violation of the terms and conditions of an order which placed him under probation supervision. Upon the return of the motion, the court found that respondent had violated the order of probation, that the violation constituted a substantial change of circumstances under the statute and a new order of disposition was entered. On appeal the new order of disposition was affirmed but the Appellate Division modified the order to the extent that it adjusted the expiration date of the order as it was found to impermissibly exceed the expiration date of the initial order of disposition in violation of Family Court Act § 355.1 (3) (59 AD2d at 441; see Matter of Jennifer B., 256 AD2d 1195, 1196 [1998]).[2] It is also significant that in both Matter of Chaz H. (298 AD2d 983
*815 [2002]) and Matter of Eric S.D. (37 AD3d 1045 [2007]), the departments of social services with whom both respondents had been placed moved pursuant to Family Court Act § 355.1 for modification of the orders of disposition in order to obtain placement of the juveniles with the Office of Children and Family Services. In each instance the Family Court found a substantial change of circumstances and the orders of placement were modified over the objections of the juveniles. The modified placement orders, which clearly did not result from motions which sought relief with which the juveniles were in agreement, were affirmed by the Appellate Division.
Finally, the construction of Family Court Act § 355.1 urged by the Law Guardian is plainly at odds with the underlying purpose of the juvenile delinquency statute which is “to empower Family Court to intervene and positively impact the lives of troubled young people while protecting the public” (Matter of Robert J., 2 NY3d 339, 346 [2004]; see Matter of Jose R. at 394-395; Matter of Benjamin L., 92 NY2d 660, 670 [1999]; Matter of Jermaine G., 38 AD3d 105, 111 [2007]). In their role as advocate for the child, law guardians will usually object to orders directing the detention of a juvenile, as well as to orders which impose additional conditions upon the juvenile’s behavior or which impose a more intrusive or restrictive dispositional alternative. Requiring the prior agreement or the consent of the respondent as a condition precedent to the court’s filing of a motion under Family Court Act § 355.1 would inhibit judicial action in order to protect the best interests of the juvenile, thereby placing the well-being of the child and the safety of the community at risk. Given the underlying purpose of the juvenile delinquency statute and its ultimate goal of providing rehabilitation for delinquent youth (Matter of Quinton A., 49 NY2d 328, 334-335 [1980]; Matter of Carmelo E., 57 NY2d 431, 435 [1982]; Green v Montgomery, 95 NY2d 693, 697-698 [2001]), it is inconceivable that the Legislature would have created the procedural barrier envisioned by the Law Guardian.

. Various provisions of the juvenile delinquency statute specify which persons or entities may make application for certain types of relief, thereby depriving nondesignated persons or entities of standing to make certain applications. For example, only an authorized juvenile detention agency may file an application for prepetition detention of an arrested juvenile (Family Ct Act § 307.3 [4]); only a designated presentment agency may file a juvenile delinquency petition commencing a juvenile delinquency proceeding (Family Ct Act § 310.1 [2]); a motion to substitute a person in need of supervision (PINS) petition for a juvenile delinquency petition and a motion to substitute a PINS finding for a juvenile delinquency finding may be made by respondent or the court (Family Ct Act § 311.4 [1], [2]); an application to restore a proceeding which has been adjourned in contemplation of dismissal may be made by a presentment agency or the court (Family Ct Act § 315.3 [1]); a petition to extend placement may be filed by the respondent or the person or agency with whom respondent is placed (Family Ct Act § 355.3 [1]); a petition for a permanency hearing may be filed by the Office of Children and Family Services or the relevant Commissioner of Social Services (Family Ct Act § 355.5 [5]); and a petition alleging a violation of the conditions of an order placing a respondent on probation or the conditions of a conditional discharge may be filed by the responsible Department of Probation (Family Ct Act § 360.2 [1]).

. In two other recent decisions the Appellate Division reversed orders which were apparently entered under the authority of Family Court Act § 355.1, but without compliance with the procedural mandates of Family Court Act § 355.2. In both instances the Family Court directed that the juveniles be detained pending further proceedings, but the Appellate Division found the detention orders to be improper as no violation of probation petitions nor any motions pursuant to Family Court Act § 355.1 had been filed with the Court. In reversing the detention orders the Appellate Division declined to reach
“the hypothetical questions of whether, assuming compliance with the procedural requirements of Family Court Act § 355.2, a motion under Family Court Act § 355.1 to stay, modify or terminate an order of probation based on [a] change of circumstances would provide an alternative means of initiating proceedings to revoke probation, and whether detention would be authorized pending resolution of such a motion” (Matter of Jazmin A.,
*815 62 AD3d 526, 527 [2009]; see Matter of Samuel R., 62 AD3d 527 [2009]).
In contrast, in Matter of Lorenzo A., the Court fully complied with the procedural requirements of Family Court Act § 355.2 (see Matter of Benjamin L., 283 AD2d 646, 647 [2001], lv denied 97 NY2d 603 [2001]), and the resulting new order of disposition was affirmed by the Appellate Division.