# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**517**

**CAF 10-02043**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF LEPORIA L.L.,
RESPONDENT-APPELLANT.

------------------------------

WAYNE COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

TRACEY L. FOX, ATTORNEY FOR THE CHILD, SODUS, FOR
RESPONDENT-APPELLANT.

DANIEL M. WYNER, COUNTY ATTORNEY, LYONS (DANIEL C. CONNORS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Wayne County (Dennis M. Kehoe, J.), entered April 13, 2010 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent a juvenile delinquent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]). After a dispositional hearing, Family Court placed respondent in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility (*see* Family Ct Act § 353.3 [3] [b]). Contrary to respondent's contention, "the evidence presented at the hearing, when viewed in the light most favorable to the presentment agency . . ., is legally sufficient to prove beyond a reasonable doubt that respondent committed the acts alleged in the petition" (*Matter of Zachary R.F.*, 37 AD3d 1073; *see Matter of Shakirrah C.*, 66 AD3d 1492).

We reject respondent's further contention that the court failed to consider the least restrictive available alternative in placing him in a limited secure facility (*see* Family Ct Act § 352.2 [2] [a]). "The court has broad discretion in determining the appropriate disposition in juvenile delinquency cases" (*Matter of Richard W.*, 13 AD3d 1063, 1064), and here the court did not abuse that discretion. Indeed, "the record establishes that the disposition ordered by the court is 'the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community' " (*Matter of Brendon H.*, 43 AD3d

1283, 1284, quoting § 352.2 [2] [a]).

Entered:  April 29, 2011                              Patricia L. Morgan
                                                     Clerk of the Court