# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**428**
**CAF 14-01015**
PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JACOB A.T.,
RESPONDENT-APPELLANT.

---------------------------

YATES COUNTY ATTORNEY,
PETITIONER-RESPONDENT.
(APPEAL NO. 1.)

MEMORANDUM AND ORDER

---

ARDETH L. HOUDE, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
RESPONDENT-APPELLANT.

SCOTT P. FALVEY, COUNTY ATTORNEY, CANANDAIGUA (HAYDEN M. DADD OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered May 12, 2014 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudged that respondent is a juvenile delinquent and placed him in the custody of the Yates County Department of Social Services for a period of 12 months.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the disposition and as modified the order is affirmed without costs and the matter is remitted to Family Court, Yates County, for further proceedings in accordance with the following memorandum: In these three consolidated appeals, respondent appeals from three orders, each adjudicating him to be a juvenile delinquent based on the finding that he committed acts that, if committed by an adult, would constitute the crime of petit larceny (Penal Law § 155.25), in appeal Nos. 1 and 2, and the crime of criminal possession of stolen property in the fifth degree (§ 165.40), in appeal No. 3. After a dispositional hearing, Family Court placed respondent in the custody of the Yates County Department of Social Services (DSS) for a period of 12 months on each adjudication.

Respondent contends that the disposition placing him in the custody of DSS for one year is not the least restrictive disposition. It is well settled that, when determining an appropriate disposition in a juvenile delinquency case involving acts that are not felonies, "the court shall order the least restrictive available alternative" and "shall consider the needs and best interests of the respondent as well as the need for protection of the community" (Family Ct Act § 352.2 [2] [a]; *see generally Matter of Leporia L.L.*, 83 AD3d 1539, 1539). Although "[t]he court has broad discretion in determining the appropriate disposition in juvenile delinquency cases" (*Matter of*

*Richard W.*, 13 AD3d 1063, 1064), we agree with respondent that the court abused its discretion under the circumstances presented here. The evidence presented at the dispositional hearing and the predispositional and probation update reports prepared in conjunction with that hearing establish that respondent's home environment was "toxic" and he suffered from mental health issues that required treatment.  In addition, the update to the original report indicated that respondent had recently been staying with a family friend who had known him since birth, that the friend had petitioned for custody of respondent, and that there had been no new arrests during that time. The update also indicated that the friend was able to devote significant time to supervising respondent, and that the friend resided with a woman who managed a residential home.  In addition, both the family friend and the woman with whom he lived testified at the dispositional hearing that they could help with respondent's supervision.  Consequently, "we agree with [respondent] that the court erred in failing to consider the least restrictive available alternative in fashioning an appropriate dispositional order" (*Matter of Nicolette R.*, 9 AD3d 270, 271, *lv denied* 3 NY3d 610).  We therefore modify the order by vacating the disposition and, in light of the lapse of time since the order was entered, we remit the matter to Family Court for a new dispositional hearing.

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court