Matter of J.D. (2025 NY Slip Op 06807)

Matter of J.D.

2025 NY Slip Op 06807

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Docket No. D952/24|Appeal No. 5328|Case No. 2024-03491|

[*1]In the Matter of J.D., A Person Alleged to be a Juvenile Delinquent, Respondent-Appellant. Administration for Children's Services, et al., Petitioners-Respondents.

Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for Administration for children services, respondent.

Order, Family Court, Bronx County (Hari K. Singh, J.), entered on or about May 1, 2024, which granted the petition to transfer appellant to a secure facility and modified an order of disposition, same court (Gayle P. Roberts, J.), entered on or about February 2, 2024, which had placed him in an unspecified placement with the Administration for Children's Services (ACS) for 15 months, unanimously reversed, on the law, without costs, and the petition dismissed.
As an initial matter, appellant's challenge to the dispositional order is moot as the placement has expired (see e.g. Matter of Gabriel N., 144 AD3d 443 [1st Dept 2016]). Nevertheless, we review this appeal, under the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]), because it is likely to recur for other youths in Close to Home placements (see Mental Hygiene Legal Servs. v Ford, 92 NY2d 500, 505 [1998]). Moreover, the issue raised here will typically evade review due to the time limits on a juvenile's placement (see Family Ct Act § 353.3[5]; Matter of Jennifer B., 256 AD2d 1195, 1197 [4th Dept 1998]), and is substantial and novel (see Matter of Jazmin A., 62 AD3d 526, 527 [1st Dept 2009], affd 15 NY3d 439 [2010]).
Under Family Court Act § 355.1(2), Family Court can modify a dispositional order "upon a showing of a substantial change of circumstances" by the agency, to place a youth in a secure facility, if "the respondent has demonstrated by a pattern of behavior that he or she needs a more structured setting and the social services district has considered the appropriateness and availability of a transfer to an alternative non-secure or limited secure facility" (Family Ct Act § 355.1[2][a][ii][B]). Notably, behaviors meriting a modification include "disruptions in facility programs; continuously and maliciously destroying property; or, repeatedly committing or inciting other youth to commit assaultive or destructive acts" (id.).
Here, ACS alleged that two incidents where appellant went absent without consent (AWOC) over the course of two months constituted a "pattern of behavior" warranting his placement in a secure facility. The record reflects that, during the first AWOC incident on February 5, 2024, appellant "darted out the front door and ran" from a non-secure facility. During the second incident on March 7, 2024, appellant fled through a damaged door at a limited secure facility after other youths broke the door while trying to escape. While this behavior is problematic, it simply does not rise to the level of seriousness reflected in the examples provided in the statute, i.e. "continuously and maliciously destroying property" or "repeatedly committing or inciting other youth to commit assaultive or destructive acts" (Family Ct Act § 355.1[2][a][ii][B]). Further, despite ACS's contention, the limited record does not reflect that appellant's actions during these AWOC incidents led to "disruptions in facility programs" (id.).
ACS also failed to show that it first "considered the appropriateness and availability of a transfer to an alternative non-secure or limited secure facility" before seeking modification as it was required to do (Family Ct Act § 355.1[2][a][ii][B]). According to ACS policies, "[m]odifications must be considered as an option only when all efforts to avoid the modification have been exhausted." Here, ACS merely proffered: 1) a signed, undated statement from the Director of Placement and Permanency, which briefly recounted the AWOC incidents and stated that ACS sought modification based on these behaviors; and 2) a document containing appellant's "incident history," consisting of the two AWOC incidents and one minor contraband incident that occurred since his disposition. Additionally, ACS's modification petition was filed only two days after its report, dated March 27, 2024, concerning interventions planned to address appellant's AWOC incidents — such as individual therapy, drug treatment, and transfer to another limited secure facility — and the modification petition lacked any explanation as to why the proposed interventions were no longer adequate. Lastly, ACS did not present any affirmations or provide any witness testimony regarding the limited secure facility's ability to address appellant's behavior (cf. Matter of Eric S.D., 37 AD3d 1045, 1046 [4th Dept 2007] [modifying a juvenile's placement from a therapeutic foster home to a limited secure facility where a witness testified that the local department of social services "had exhausted its placement resources," and a "representative for [the New York State Office of Children and Family Services] OCFS testified that [his] educational and mental health needs could be addressed through placement in a limited secure facility"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025