■ In the Matter of BENJAMIN L., a Person Alleged to be a Juvenile Delinquent, Appellant. [725 NYS2d 873] —In a juvenile delinquency proceeding pursuant to Family Court article 3, the appeals are from (1) an order of disposition of the Family Court, Orange County (Bivona, J.), entered May 11, 1999, which, upon a fact-finding order of the same court, dated February 5, 1999, made after a hearing, finding that appellant had committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (three counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of two years, and (2) an amended order of disposition of the same court, entered September 30, 1999, which, upon the filing of a probation violation petition pursuant to Family Court Act § 360.2, treated that petition as one to modify the disposition of probation entered May 11, 1999, pursuant to Family Court Act § 355.1, revoked the disposition of probation, after a hearing, and placed him in the custody of the Orange County Department of Social Services for a period of 18 months. The appeals bring up for review the fact-finding order dated February 5, 1999.

Ordered that the order entered May 11, 1999, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered September 30, 1999, is re-

versed, on the law, without costs and disbursements, and the violation of probation petition is dismissed.

Contrary to the appellant's contention, the Family Court properly precluded his treating psychologist from testifying at the fact-finding hearing as an expert on child sexual offenders as he failed to establish that the psychologist had the requisite qualifications (*see, Matter of Melissa K.*, 254 AD2d 770).

The appellant's remaining contentions regarding the Family Court's rulings during the fact-finding hearing are either unpreserved for appellate review or without merit. Accordingly, we find no basis to disturb the court's fact-finding determination.

The order of disposition entered May 11, 1999, imposed a two-year period of probation which required the appellant, among other things, to undergo therapy. The respondent presentment agency filed a violation of probation petition dated May 20, 1999. Following a hearing, the Family Court did not find that the appellant had violated the terms and conditions of his probation, but deemed the violation of probation petition to be a petition to modify the original order of disposition pursuant to Family Court Act § 355.1 based on a substantial change of circumstances. The Family Court then revoked probation and placed the appellant with the Department of Social Services for a period of 18 months.

The appellant argues, and the presentment agency correctly concedes, that the Family Court erred in converting the violation of probation petition brought pursuant to Family Court Act § 360.2 to a petition to modify the disposition without proper notice and opportunity to be heard (*see,* Family Ct Act § 355.2). Accordingly, the order entered September 30, 1999, is reversed, and the violation of probation petition is dismissed. The matter need not be remitted to the Family Court for a new determination since the period of probation imposed has expired (*see,* Family Ct Act § 355.1 [3]). Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.