[955 NYS2d 306]

In the Matter of RAYSHAWN P., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, November 29, 2012

**APPEARANCES OF COUNSEL**

*Tamara A. Steckler, The Legal Aid Society,* New York City (*Claire V. Merkine* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel,* New York City (*Norman Corenthal* and *Kristin M. Helmers* of counsel), for presentment agency.

**OPINION OF THE COURT**

FRIEDMAN, J.

This appeal presents for resolution two questions left open by the Court of Appeals' decision in *Matter of Jazmin A.* (15 NY3d 439, 443 n [2010]): "whether a properly made motion under Family Court Act § 355.1 to stay, modify or terminate an order of probation based on change of circumstances would provide an alternative means of initiating proceedings to revoke probation, and whether detention would be authorized pending resolution of such a motion" (internal quotation marks and brackets omitted). We answer both questions in the negative.

By a final order of disposition entered April 7, 2011 (the 2010 case), Family Court, Bronx County, adjudicated appellant Rayshawn P. a juvenile delinquent, placed him on probation for 18 months, and ordered him to perform 50 hours of community service. The adjudication was based on appellant's admission that, on October 27, 2010, he had committed an act that, if committed by an adult, would constitute grand larceny in the fourth degree.[1] Thereafter, on June 29, 2011, appellant was arrested for resisting arrest after he was apprehended for allegedly punching someone in the face.

On June 30, 2011, upon the application of the detention center holding appellant based on his arrest the previous day, Family Court conducted a pre-petition hearing pursuant to Family Court Act § 307.4.[2] The police witness, Officer Jarmarie Flowers, testified that she placed appellant under arrest after he was brought to the precinct station. Officer Flowers stated that she arrested appellant based on information provided to her by her lieutenant, who told Flowers that he had seen appellant "engaging in an assault," and that as he tried to arrest him, appellant had "started to kick, punch, and throw in the direction of the officers." Officer Flowers acknowledged that she had no personal knowledge of the events on which the arrest was based.

At the conclusion of the hearing, the court determined that it had jurisdiction over the matter arising from the June 29 arrest. However, the court did not grant the pre-petition detention

---

1. At all relevant times, appellant was under the age of 16.
2. Family Court Act § 307.4 (1) provides:
   "If a child in custody is brought before a judge of the family court before a petition is filed upon a written application pursuant to subdivision four of section 307.3, the judge shall hold a hearing for the purpose of making a preliminary determination of whether the court appears to have jurisdiction over the child."

application before it, which, under Family Court Act § 307.4 (7), would have entitled appellant to the filing of a petition and a probable-cause hearing within four days. Instead, the court, at its own instance, and over the objection of appellant's counsel, reactivated appellant's 2010 case (for which, as noted, he was already on probation) and stated that it was "remanding the respondent[,] open remand[,] pending modification of that disposition." The court then dismissed the pre-petition application, without prejudice to the filing of a petition, and adjourned the matter to July 18, 2011.

The case file contains two written orders of the Family Court bearing the date of June 30, 2011, both under the docket number of the 2010 case, which, as noted, had already been finally adjudicated. One is an order to show cause, which, "[u]pon the Court's own motion pursuant to Family Court Act § 355.1 (1)," directed appellant to show cause, at a hearing to be held on July 18, 2011,

> "(1) why the Court should not make a determination that there has been a substantial change of circumstances since the entry of the order of disposition, in that respondent's arrest for the commission of one or more acts of juvenile delinquency on 6/30/11, constitutes a violation of the order which placed him under probation supervision in this case; (2) why the Court should not enter an order in accordance with Family Court Act § 355.1 (1) (b) vacating, modifying or terminating the order of disposition based upon such substantial change of circumstances; and (3) why the Court should not enter such interim orders as may be necessary to protect the best interests of the respondent and the safety of the community."[3]

The other Family Court order dated June 30, 2011 that is found in the case file is denominated an "Order Directing Detention" (the remand order). Although, as of June 30, 2011, no new delinquency petition (Family Ct Act § 311.1) or petition alleging a violation of probation (Family Ct Act § 360.2) had been filed based on the incident of June 29, the remand order recites that a petition under section 311.1, "including a charge of Violation of Probation," had been filed. The remand order goes on to state that Family Court had determined that the

---

**3.** From subsequent colloquy in the record, it appears that the July 18 return date was inserted after the order to show cause was initially signed.

"[d]etention of the [r]espondent is necessary" under the criteria of Family Court Act § 320.5, which addresses an initial appearance after the filing of a petition. Based on findings that "[r]espondent did not comply with terms of probation and was arrested" and that he was "likely to commit further acts of delinquency," the order remanded him to the Administration for Children's Services "for open detention, to be detained pending further proceedings herein on July 18, 2011."

On July 1, 2011, the presentment agency filed a new petition, under a new docket number (the 2011 case), based on appellant's arrest of June 29. On the same day, the presentment agency and counsel for appellant (furnished by the Legal Aid Society) appeared before Family Court; appellant himself was not produced in court that day. The petition in the 2011 case alleged that appellant committed acts that, if committed by an adult, would constitute the crimes of second-degree obstruction of governmental administration, resisting arrest and attempted third-degree assault. In the attached supporting deposition, a police lieutenant stated that, on June 29, he attempted to arrest appellant after observing him run after another person and punch him in the face. When the lieutenant attempted to arrest appellant, the latter began kicking his legs and flailing his arms, and sought to avoid being handcuffed.

Because appellant was not present in court at the July 1 hearing, the presentment agency asked to adjourn the matter to July 5, 2011, for arraignment on the petition in the 2011 case. The presentment agency noted that it was the agency's "understanding" that, on June 30, 2011, the court had "remanded the respondent on [the court's] own motion based on Family Court Act [§ ] 355.1 and that the Court filed an Order to Show Cause which was served on the Legal Aid Society this morning." Family Court confirmed that it had invoked section 355.1 the day before and added that "the parties have been provided with the Order to Show Cause," which "left out the adjourned date, which is July 18th." The court then stated that "the pre-petition hearing [on the 2011 case] was heard yesterday and the Court made findings and reopened the disposition [of the 2010 case] based on the testimony of the pre-petition hearing."

Appellant's counsel objected that, under Family Court Act § 307.4, the purpose of the June 30, 2011 pre-petition hearing was only to determine whether the court had jurisdiction, and did not provide a basis for remanding appellant to detention or

revoking his probation. Counsel also maintained that no order to show cause had been served on the Legal Aid Society.[4] Counsel argued that the court had unlawfully remanded Rayshawn to detention because no petition alleging a violation of probation (VOP) (*see* Family Ct Act § 360.2 [1]) had been filed, and that, under *Matter of Jazmin A.* (15 NY3d 439 [2010]), the court did not have authority to remand a juvenile to detention during the period of probation in the absence of a pending VOP petition. Counsel further asserted that the court could not use section 355.1 to revoke probation, and that, in any event, the court had not complied with that section's procedural requirements. The judge responded, "I did not revoke probation. I remanded your client pending a determination as to whether or not probation was to be revoked, that is, pursuant to the statute [(§ 355.1)]." The court added that the order to show cause was "to get the parties into court to be heard," and that the parties had an opportunity to be heard at the pre-petition hearing.

Appellant's counsel replied that a pre-petition hearing could not serve as the basis for adjudicating a VOP and that the June 30 pre-petition hearing was based on hearsay without any eyewitnesses (*see* Family Ct Act § 360.2 [2] ["Non-hearsay allegations of the factual part of the (VOP) petition or of any supporting depositions must establish, if true, every violation charged"]). The court noted that the Department of Probation could have filed a VOP petition, which would have provided a basis on which to remand appellant to detention. When counsel again objected that, in fact, no VOP petition had been filed, the court stated that it nonetheless had "found a violation because there was a change in circumstances." Counsel reiterated that no VOP petition had been filed and that the remand order was therefore improper under *Jazmin A.*

On July 5, 2011, appellant was arraigned on the petition in the 2011 case, and the agency asked that he be remanded under that docket. The Family Court judge who had presided over the prior proceedings (Alpert, J.) was on vacation, and the judge

---

4. On appeal, it is undisputed that the June 30 order to show cause was never served either upon appellant's counsel personally or upon the offices of the Legal Aid Society before Family Court issued the remand order. Appellant's appellate counsel represents, without contradiction, that appellant's counsel in the Family Court discovered the order to show cause on July 1, 2011, in the Family Court's file for this case, which she had reviewed to obtain a copy of the remand order for the purpose of moving for a stay in this Court. The presentment agency apparently takes the position that counsel's discovery of the order to show cause in the court file constituted service.

presiding in his absence (Gribetz, J.) declined to remand on the 2011 case because Judge Alpert had not done so. Appellant remained in detention, however, based on the June 30 remand order issued in the 2010 case, until the next day, July 6, when a justice of this Court granted his motion for an interim stay of that order.[5] On July 8, Judge Gribetz again denied the presentment agency's application to remand appellant on the 2011 petition. Because the court did "not want[ ] to interfere with Judge Alpert," it instead ordered that appellant be placed under "house arrest."

On July 18, 2011, after Judge Alpert's return, the presentment agency asked the court to remand appellant on the 2011 case. The court granted the application, due to negative reports from the program that appellant had been ordered to attend. Both the 2010 case and the 2011 case were adjourned one day for fact-finding.

On July 19, 2011, appellant entered an admission to having engaged in acts on June 29, 2011, that, if committed by an adult, would constitute the crime of obstructing governmental administration in the second degree. The presentment agency asked the court to waive its motion under section 355.1, in the expectation that the Department of Probation would file a VOP petition. The court withdrew its motion "without prejudice," declaring that any issues thereunder were "moot."

On September 27, 2011, Family Court conducted a hearing to dispose of the 2011 case and to determine the section 355.1 (1) motion to modify the April 2011 disposition of the 2010 case, both on the basis of appellant's admission at the hearing of July 19.[6] With respect to the section 355.1 (1) motion, the hearing resulted in an order, dated September 27, 2011 (the modification order), providing in pertinent part as follows: "PURSUANT TO FCA 355.1, IT IS ORDERED that the disposition dated April 7, 2011 is modified and Respondent Rayshawn [P.] is ordered to a term of 24 Months Enhanced Supervision Probation, with 50 Hours Community Service . . . Term of probation is to expire on September 26, 2013.'"[7]

---

**5.** By order entered October 4, 2011, this Court granted appellant leave to appeal from the remand order but denied the motion for a stay as moot.

**6.** The court addressed the section 355.1 (1) motion at the September 27 hearing notwithstanding its announcement at the July 19 hearing that the section 355.1 (1) motion was being withdrawn.

**7.** The disposition of the 2011 case is not at issue on this appeal.

## Discussion

Appellant now appeals from the remand order of June 30, 2011, and from the modification order of September 27, 2011. In essence, appellant argues (1) that a motion to modify a final disposition under Family Court Act § 355.1 (1) is not available to the court as an alternative to the procedures prescribed by sections 360.1, 360.2 and 360.3 for prosecuting a VOP, and (2) that sections 355.1 and 355.2 (the latter of which sets forth the procedures for a motion under section 355.1) do not, in any event, authorize the court to detain a juvenile pending the determination of a motion under section 355.1. The presentment agency agrees that each of these orders should be reversed and vacated but argues that, because procedural errors require reversal in any event, we need not reach the question of the propriety of using a section 355.1 (1) motion to address a VOP. We will discuss first the modification order and then the remand order.

### The September 27, 2011 Modification Order

■ When appellant's arrest of June 29, 2011 was brought to Family Court's attention at the pre-petition hearing held on June 30, the court responded by initiating a motion, pursuant to Family Court Act § 355.1 (1), to modify the dispositional order of April 7, 2011, which had imposed 18 months of probation on appellant in the 2010 case. Ultimately, the court resolved its section 355.1 (1) motion by issuing the modification order of September 27, 2011, which modified the April 7 dispositional order in the 2010 case by imposing 24 months of enhanced supervision probation, to commence upon the date of the modification order. The modification order has the effect of extending appellant's term of probation by nearly a year (moving the end-date from October 2012 to September 2013) and enhancing the level of supervision to which he is subject. In addressing the June 29 arrest by way of a motion under section 355.1 (1), which authorizes the modification of a dispositional order "[u]pon a showing of a substantial change of circumstances," Family Court assumed that an act constituting a VOP may be considered "a substantial change of circumstances" under section 355.1 (1) and therefore may be dealt with under section 355.1 (1) as an alternative to the procedures prescribed for prosecuting a VOP by Family Court Act §§ 360.1, 360.2 and

360.3.[8] Appellant contends that this assumption was erroneous, and we agree.

At the outset, the presentment agency argues that we need not consider whether Family Court may use a section 355.1 (1) motion to address an apparent VOP, because, in this particular case, the presentment agency concedes that the modification order must be vacated for procedural infirmity even if the court had authority to move to modify the dispositional order under section 355.1 (1). In this regard, the presentment agency points out, among other things, that Family Court issued the modification order after it had expressly withdrawn its section 355.1 (1) motion on the record at the July 19 hearing, after appellant admitted to second-degree obstruction of governmental administration. Thus, when the court entered the modification order on September 27, no motion to modify the preexisting dispositional order was pending. Besides its having been entered on a motion that had already been withdrawn, the modification order appears to be tainted by still other procedural and substantive errors.[9]

---

**8.** Subdivision (1) of Family Court Act § 355.1 (captioned "New hearing; staying, modifying or terminating an order") provides:

"Upon a showing of a substantial change of circumstances, the court may on its own motion or on motion of the respondent or his parent or person responsible for his care:

"(a) grant a new fact-finding or dispositional hearing; or

"(b) stay execution of, set aside, modify, terminate or vacate any order issued in the course of a proceeding under this article."

**9.** The modification order's additional procedural infirmities appear to include: (1) Family Court's failure to cause the order to show cause to be served on appellant or his counsel in accordance with the CPLR, as required by Family Court Act § 355.2 (2); (2) the court's failure to afford appellant an opportunity for "oral argument and . . . a hearing to resolve any material question of fact" (§ 355.2 [3]), it being conceded by the presentment agency that this hearing requirement was not satisfied by the "cursory pre-petition detention application" on the 2011 case (cf. *Matter of Benjamin L.*, 283 AD2d 646, 647 [2d Dept 2001], *lv denied* 97 NY2d 603 [2001] [reversing modified dispositional order where VOP petition was converted to petition to modify prior disposition pursuant to section 355.1 "without proper notice and opportunity to be heard"]); and (3) the court's failure to comply with the directive of section 355.2 (4) to "set forth on the record its findings of fact, its conclusions of law and the reasons for its determination" of the section 355.1 motion (which requires "a showing of a substantial change of circumstances"). Moreover, as the presentment agency also concedes, the modification order, by imposing a term of probation extending beyond the term imposed by the original dispositional order, violates the directive of section 355.1 (3) that, if a new dispositional order is issued pursuant to that statute, "the date such order expires shall not be later than the expiration date of the original order."

While it appears that we could, as urged by the presentment agency, vacate the modification order based on Family Court's failures to comply with the requirements of sections 355.1 and 355.2, without addressing whether the court-initiated section 355.1 (1) motion was proper to begin with, we decline to do so. The parties are in agreement that it is not unusual for Family Court to use section 355.1 (1) motions, rather than the procedures prescribed by section 360.1 *et seq.*, to address VOPs (*see Matter of Shatique B.*, 70 AD3d 1036 [2d Dept 2010]; *Matter of Lorenzo A.*, 59 AD3d 441 [2d Dept 2009]).[10] Given that the question of the propriety of this practice is squarely presented by this appeal—and, in this regard, the procedural and substantive requirements of sections 355.1 and 355.2 become relevant only if the section 355.1 (1) motion was authorized in the first place—we choose to address the more fundamental question.

Turning to the question of Family Court's authority to proceed under section 355.1 (1) to address an apparent VOP, we observe that, as appellant correctly points out, the legislature has enacted a detailed statutory scheme setting forth procedures specifically intended to address VOPs. As previously noted, this statutory scheme is set out at sections 360.1, 360.2 and 360.3 of the Family Court Act. Nowhere in these provisions is the court authorized to initiate, sua sponte, proceedings to modify a dispositional order. Rather, section 360.2 (1) authorizes the probation service—not the court—to "file a petition of violation" if the service "has reasonable cause to believe that the respondent has violated a condition" of the probation order.[11] Further, sections 360.2 and 360.3 set forth specific procedural requirements that must be observed in adjudicating an alleged VOP. In particular, under section 360.2 (2), a VOP proceeding must be commenced by the filing of a verified petition (1) that "stipulate[s] the condition or conditions of the order violated and a reasonable description of the time, place and manner in which the violation occurred" and (2) that is supported by "[n]on-hearsay allegations . . . establish[ing], if true, every

---

**10.** Although it appears that, in each of *Shatique B.* and *Lorenzo A.*, Family Court addressed conduct violating probation by way of a motion under section 355.1, this manner of proceeding was not challenged by the probationer on either of those appeals.

**11.** Where the legislature intended to authorize the court to act at its own instance with respect to a possible VOP, it expressly so provided (*see* § 360.1 [3] ["If at any time during the period of probation the court has reasonable cause to believe that the respondent has violated a condition of the probation order, it may issue a search order"]).

violation charged" (emphasis added). In addition, unless the respondent enters an admission to the charge in accordance with Family Court Act § 321.2, he or she is entitled to a prompt hearing on the alleged VOP (§ 360.3 [1], [2]), at which only "competent" evidence may be admitted (§ 360.3 [3]). By contrast, on a motion under section 355.1, the respondent is entitled to a hearing only "to resolve any material question of fact" (§ 355.2 [3]), which effectively shifts to the respondent the burden of establishing that a material question of fact exists.[12]

By proceeding against appellant by way of a motion to modify the dispositional order based on "a substantial change of circumstances" under section 355.1 (1), Family Court effectively circumvented certain procedural requirements of the legislature's statutory scheme for prosecutions of VOPs at section 360.1 *et seq.* In particular, unlike a VOP petition under section 360.2 (2), a section 355.1 (1) motion may be—and the motion in this case in fact was—based on hearsay (*see* § 355.2 [1]). In addition, while a VOP petition "must stipulate the condition or conditions of the order violated and a reasonable description of the time, place and manner in which the violation occurred" (§ 360.2 [2]), the order to show cause by which the court purported to initiate its section 355.1 (1) motion: (1) failed to specify which condition of the dispositional order appellant was alleged to have violated; (2) gave no description of the place and manner in which the VOP occurred (other than noting that appellant had been arrested "for allegedly committing an act, which if committed by an adult, would constitute a crime"); and (3) inaccurately (and repeatedly) described the time of appellant's arrest as "6/30/11" (in fact, the date of the arrest was June 29, 2011). Finally, by itself initiating the section 355.1 (1) motion, Family Court circumvented the legislature's delegation to the probation service of the responsibility to determine whether to prosecute an act as a VOP (*see* § 360.2 [1]).

Family Court's decision to proceed against appellant under section 355.1 (1) for what was essentially an alleged VOP, thereby avoiding the requirements of the statutory scheme for prosecutions of VOPs, was contrary to basic principles of statutory construction. "[W]here the Legislature enacts a specific provision directed at a particular class, and a more general provision in the same statute which might appear to encompass

---

12. With regard to the last point, appellant in this case did enter an admission to the charge, which, we acknowledge, would have obviated the need for a hearing had the matter been prosecuted pursuant to a VOP petition.

that class, the specific provision will be applied'' (*New York State Crime Victims Bd. v T.J.M. Prods.*, 265 AD2d 38, 46 [1st Dept 2000] [internal quotation marks omitted]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 238). Section 355.1 (1) is a general provision recognizing Family Court's power to vacate or modify its own orders, analogous to CPLR 5015 and CPL article 440 (*see* Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 355.1). Section 360.1 *et seq.*, by contrast, specifically address the modification or revocation of probation based on an alleged violation thereof. We agree with appellant that, because the legislature has created a detailed scheme specifically dealing with VOPs, those provisions, not section 355.1 (1), must be applied. It would be illogical for the legislature to have enacted requirements specifically applicable to the prosecution of a VOP only to permit a court to circumvent those requirements by addressing alleged conduct constituting a VOP by moving under section 355.1 (1), the more general provision permitting the court to revoke or modify its orders based on ''a showing of a substantial change of circumstances.'' Thus, we reject the presentment agency's position that a motion under section 355.1 (1) and a VOP petition pursuant to section 360.2 should be viewed as ''overlapping mechanisms'' for addressing conduct constituting a violation of probation.

In sum, Family Court was not authorized to initiate a motion under section 355.1 (1) to modify a prior dispositional order based on alleged conduct by appellant that, if proved, would constitute a VOP. The modification order, because it was rendered pursuant to such an unauthorized motion, must be vacated as invalid.

*The June 30, 2011 Remand Order*

■ The remand order of June 30, 2011, pursuant to which appellant was placed in detention pending determination of Family Court's section 355.1 (1) motion, is now moot, since appellant's detention pursuant to that order has ended. Both parties agree, however, that we may rule upon the validity of the remand order because it comes within the exception to the mootness doctrine for orders presenting novel and substantial issues that are likely to recur but to evade appellate review (*see Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 505-506 [1998]).

■ In reviewing the modification order, we have already determined that Family Court was without authority to address appellant's alleged VOP by initiating a section 355.1 (1) motion

to modify the preexisting dispositional order. Because the remand order was issued as an adjunct to the section 355.1 (1) motion, and the section 355.1 (1) motion was itself unauthorized, the remand order would be invalid even if section 355.1 or section 355.2 (which sets forth the procedures to be followed on a section 355.1 motion) provided authority for an order detaining a juvenile pending the determination of a section 355.1 motion. But, as the presentment agency concedes, even if Family Court did have the authority to initiate the section 355.1 (1) motion (as the presentment agency maintains the court did), the remand order would still be unauthorized because nothing in section 355.1 or section 355.2 authorized the court to remand appellant to custody pending determination of a motion under section 355.1.

In *Matter of Jazmin A.* (15 NY3d 439 [2010]), the Court of Appeals held that a juvenile may be remanded to detention only at "specific junctures in a delinquency proceeding" spelled out in the Family Court Act (*id.* at 444).[13] Thus, in *Jazmin A.*, Family Court was held to lack authority to order the detention of the respondent probationer when she appeared in court for a monitoring hearing, before any VOP petition had been filed. As the Court of Appeals explained: "Because the Legislature did not . . . empower Family Court to order detention of a juvenile probationer before the filing of a VOP petition, we are unwilling to imply such authority in the absence of a statutory peg" (*id.*). The Court of Appeals further noted that Family Court's "continuing jurisdiction [over a juvenile probationer] does not vest [the court] with the power to take actions not authorized by article 3 [of the Family Court Act]" (*id.*).

Although the question of "whether detention would be authorized pending resolution of [a section 355.1] motion" (*Matter of Jazmin A.*, 62 AD3d 526, 527 [1st Dept 2009], *affd* 15 NY3d 439 [2010]) was not presented in *Jazmin A.*, the implication of the decision for that question is clear. Given that neither section 355.1 nor section 355.2 offers any "statutory peg" on which to hang authority for remanding appellant to detention, the remand order in this case was invalid, even if Family Court's section 355.1 motion were itself authorized (which, as we have

___

**13.** *Jazmin A.* notes that the points at which the Family Court Act authorizes detention are the pre-petition hearing (§ 307.4 [4] [c]), the initial post-petition appearance or an adjournment thereof (§§ 320.1, 320.4 [2]), the probable cause hearing (§ 325.3 [3]), and "after a VOP petition is filed" (§ 360.3 [2] [b]) (15 NY3d at 444).

held, it was not).[14] Accordingly, the remand order must be vacated.[15]

Accordingly, the order of Family Court, Bronx County (Allen Alpert, J.), entered on or about June 30, 2011, which remanded appellant to detention in the custody of the Administration for Children's Services of the City of New York, and the order, same court and Judge, entered on or about September 27, 2011, which modified an order of disposition dated April 7, 2011, to the extent of imposing upon appellant a term of 24 months of enhanced supervision probation, with the term of such probation set to expire on September 26, 2013, should be reversed, on the law, without costs, and the orders vacated.

TOM, J.P., ACOSTA and FREEDMAN, JJ., concur.

Order, Family Court, Bronx County, entered on or about June 30, 2011, and order, same court, entered on or about September 27, 2011, reversed, on the law, without costs, and the orders vacated.

---

**14.** The presentment agency notes an additional, and independently fatal, procedural infirmity in the remand order—that it was issued before the order to show cause initiating the section 355.1 (1) motion was served on appellant.

**15.** We note that our vacating the modification order and the remand order on this appeal does not affect the final disposition of the 2011 case (based on the same admission, rendered at the same time, and imposing the same sanction as the modification order), which appellant does not challenge on this appeal.